**STATE of Missouri, Respondent,**

v.

**Willie Lee FINGERS, a/k/a Willie Lee Ervin, Appellant.**

**No. 49161.**

Supreme Court of Missouri,

Division No. 1.

May 14, 1962.

Deeba, Sauter & Herd, St. Louis, James B. Herd, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Ike Skelton, Jr., Special Asst. Atty. Gen., Jefferson City, for respondent.

COIL, Commissioner.

The jury found Willie Lee Fingers guilty of robbery in the first degree by means of a dangerous and deadly weapon, and the trial court, having found that he theretofore had been convicted of a felony as charged in the amended information, sentenced him to fifteen years' imprisonment. Fingers has appealed and contends the trial court erred in admitting a photograph and in giving instruction 5.

■ The state's evidence tended to show that about eight o'clock in the evening of March 11, 1961, two men, one of whom was later identified as defendant Fingers, entered a gasoline service station on Carson Road in St. Louis County and took from Max Collins, the attendant on duty, approximately $79 of his employer's money. Collins identified Fingers as one of the robbers and testified that while defendant was clean-shaven at the trial, he wore a thin mustache and a little goatee at the time of the robbery.

Defendant denied participation in the robbery and a witness who theretofore had confessed the crime and was at trial time confined in the state penitentiary, testified that Fingers had nothing to do with the robbery in question.

A St. Louis police department detective testified that at the time he arrested him Fingers wore a mustache and a goatee and that Exhibit B was a photograph of the defendant which accurately portrayed his appearance at the time of his arrest on March 20, 1961.

The exhibit was admitted in evidence and defendant here urges that the trial court thereby erred because, says defendant, the picture was irrelevant to and lacked probative value on any issue in the case. As we understand defendant's contention, it is that because Exhibit B was taken nine days after the robbery it had no tendency to prove that defendant wore a mustache or a goatee on the date of the robbery; that when a photograph is offered to show a condition easily changed such as the presence or absence of a facial beard, it must have been taken on the date of the robbery, else it has no tendency to prove that the accused wore a beard at the time of the robbery.

The filling station attendant testified that at the time of the robbery defendant wore a mustache and a goatee. At the time of the trial defendant wore neither a mustache nor a goatee but was clean-shaven. The fact that defendant wore a goatee and a mustache at the time of his arrest nine days following the robbery was a relevant and probatively valuable circumstance for the jury to consider on the issue of defendant's identity as one of the robbers. The jury reasonably could have found that Collins' testimony that defendant, who was clean-shaven at the trial, wore a mustache and a goatee at the time of the robbery, was made more credible by the fact that defendant was wearing a mustache and a goatee nine days after the robbery. Thus, the appearance of defendant at the time

the photograph was taken was pertinent to the question of the identity of defendant as one of the robbers. See 22A C.J.S. Criminal Law § 616b(1), p. 427, and 23 C.J.S. Criminal Law § 852(1), p. 347. It is true, as pointed out by defendant, that the state did not display the photograph in question to the witness Collins and obtain his testimony as to whether or not the photograph correctly portrayed the appearance of defendant at the time of the robbery. That omission, however, affected the weight of the photographic evidence and did not make the picture inadmissible in view of the fact that it had been identified by the arresting officer as an accurate portrayal of defendant's appearance at the time of his arrest.

■ Defendant says the trial court erred in giving a part of instruction 5. The first portion was a usual credibility-of-witnesses instruction. The second paragraph was: "In this connection you are further instructed that if you believe that any witness has knowingly sworn falsely to any fact or facts material to the issues in this case, then you must reject such portion of the testimony as you believe to be false, if any, and you are at liberty to reject all other portions of such witness' testimony."

Defendant contends the instruction was erroneous because it "failed to advise the jury of their obligation to weigh each and every portion of such witness' testimony and * * * failed to instruct that perjury on one issue was merely a fact which it might consider in determining the credibility of the remainder of the witness' testimony." This court has often discussed the propriety of instructions embodying the principle of the falsus in uno maxim. There is no contention here that the evidence did not justify the trial court's giving an instruction on the subject. The present question relates only to the language used to express the principle of the maxim.

It is true, as defendant contends, that in State v. Willard, 346 Mo. 773, 142 S.W.2d 1046, 1053, and since, this court often has suggested that " * * * a court has gone

far enough when it instructs the jury that if they believe a witness has wilfully sworn falsely on a material issue, they should *consider* that fact in determining the credibility of the rest of his testimony." See State v. Abbott, Mo., 245 S.W.2d 876, 881; State v. Jackson, Mo., 338 S.W.2d 848, 853 [8, 9]. We have not held, however, that giving the instruction in language other than that suggested in the Willard case necessarily constitutes reversible error. On the contrary, as demonstrated by State v. Abbott, supra, this language has been held to be passable: "If you believe that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness' testimony." The court in the Abbott case (245 S.W.2d 881) quoted with approval what had been said concerning similar language in the prior case of State v. Barnes, Mo., 204 S.W. 264, 266:

"The legal maxim, 'Falsus in uno, falsus in omnibus,' is a crystallization of general experience. It is held, of course, that such an instruction is improper unless there is evidence upon which to base it. The instruction, according to the ordinary understanding, simply tells the jury that if they believe a witness has testified falsely in any material particular, in weighing the testimony of such witness that fact furnishes them a reason for disbelieving anything else the witness may have said. They are not required to reject it, but they may do so; and no jury would be likely to understand that this option would authorize them to reject it if they believed it to be true. The instruction has been given so often and the propriety of giving it is so imbedded in the rules of approved practice that no reason appears sufficiently cogent to require its rejection at this late day."

The instruction in the present case properly *required* the jury to reject the portion of a witness' testimony which they believed to be false. State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 323, and permitted the jury to reject the other portions of the witness' testimony; but it did not, as contended by defendant, thereby imply that the jury was to reject even those parts of the witness' testimony which they believed to be true. We repeat a portion of the quotation from the Barnes case, supra, concerning the jury's understanding of similar language: "They are not required to reject it, but they may do so; and no jury would be likely to understand that this option would authorize them to reject it if they believed it to be true." 245 S.W.2d 881.

We are of the view that the deficiencies, if any, in the language of the instruction are due to "understatement," State v. Willard, supra, and not to misdirection, and that the trial court did not commit reversible error in giving the second paragraph of instruction 5. Trial courts may wish, however, to adopt the suggestion contained in State v. Jackson, supra, 338 S.W.2d 853, where, in speaking of falsus in uno instructions, the court said: "And even where the doctrine is properly invoked and the court, in its discretion, instructs upon it, the instruction should go no further than to advise the jury that if it believes a witness willfully has sworn falsely on a material issue, the jury should *consider* that fact in determining the credibility of the rest of his testimony. State v. Abbott, Mo., 245 S.W.2d 876, 881 [11]."

We have found no prejudicial error in connection with those matters which we review upon the record before us, even though defendant made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.