STATE of Missouri, Respondent,

v.

Doris SUMMERVILLE, Appellant.

No. 52886.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Joseph S. Boland, Special Asst. Atty. Gen., Columbia, Attorneys for Respondent.

Shaw, Hanks & Bornschein, by Charles M. Shaw, Clayton, Attorney for Appellant.

PRITCHARD, Commissioner.

Appellant seeks reversal of her conviction and sentence of five years' imprisonment for robbery in the first degree for the sole reasons that the "credibility of witnesses" instruction was error because it singled her out for a comment on her credibility; and that the same instruction contained an erroneous "Falsus in uno, falsus in omnibus" paragraph.

The objected to Instruction No. 6 is:

"You are further instructed that you are the sole judges of the credibility of the witnesses and of the weight to be given their testimony. In determining such credibility and weight you may take into consideration the demeanor of the witness, his or her manner on the stand, his or her interest, if any in the result of the trial, his or her relation to or feel-ing towards the defendant or any witness sworn in the case, and the probability or improbability of his or her statements, as well as all the facts and circumstances given in evidence.

"In this connection you are further instructed that if you believe that any witness has knowingly sworn falsely to any fact or facts material to the issues in this case, then you must reject such portion of the testimony as you believe to be false, if any, and you are at liberty to reject all other portions of such witness' testimony."

First cited is State v. Pollard, 174 Mo. 607, 74 S.W. 969. In that case in an instruction requested by appellant the jury was instructed that in determining the degree of credit to be given the evidence of prosecutrix in regard to the alleged defilement, it was competent to consider her conduct at the time thereof, the length of time thereafter without making complaint (and other facts). It was held that this instruction was properly refused because it singled out one witness and particular facts applicable to her testimony, " * * * [I]t is not in accord with the well-established rule, in a case like the one before us, to call special attention to a witness, and the particular facts to consider in connection with her testimony." 74 S.W. 971. The Pollard case is inapplicable in that a different instruction than here given was involved.

■ In the next cited case of State v. Turner, Mo., 320 S.W.2d 579, the there attacked instruction (on similar grounds as here) had phraseology similar to the above Instruction No. 6: "his or her relation to or feeling towards the defendant or any sworn witness testifying in the case." It was there said, "To a great extent the giving of instructions on the credibility of witnesses lies within the discretion of the trial court. State v. Hart, 331 Mo. 650, 56 S.W.2d 592"; and it was held after discussion of the propriety of these types of instructions, "The phrase complained of here

included not only a 'relation to or feeling towards' the defendant, but also a relation to or feeling towards 'any sworn witness testifying in the case * * *.' The instruction would be equally applicable to the testimony of Perry and of Helen Floyd; it might also apply to the testimony of all policemen if the jury believed that they had any 'relation to or feeling towards' the defendant or any of the State's witnesses, whether adverse or favorable. We conclude that the instruction did not unfairly single out defendant's witnesses and that it was not erroneous." 320 S.W.2d 585 [11–14]. The Turner case rules appellant's case adversely to her. Appellant testified to alibi facts that she was at another place than the robbed filling station in question, and had loaned her car to another at that time. Five other witnesses (all stated by appellant to be colored, as she is), Dorothy Rice, Ruth Lyons, Peggy West, Jacqueline Rice, and Isaac Briggs, all gave testimony tending to corroborate that of appellant. Contrarily, Raymond Tippett, a white man, service station attendant and victim of the robbery, identified appellant as one who participated in the robbery and who was two days later driving the same automobile used in the robbery. Police officer Donald H. Hays, a white man, took the report of the robbery and broadcast a description of the vehicle and occupants. He saw appellant at the police station. Police officer Gerald Mueller, a white man, received a call and went to the filling station and talked to Tippett. He then drove to a parking lot nearby, saw the described car, and arrested appellant when she got into it. Under the Turner case, supra, the instruction on credibility of witnesses referred to all of these witnesses equally as to the relationship with and feeling towards each other as being "sworn witnesses testifying in the case." It did not unduly single out appellant, and it was not error that the State was not specified as a party. See also State v. Garrett, 276 Mo. 302, 207 S.W. 784, 786. Since the instruction referred to all witnesses equally, the fact that appellant and all her witnesses were Negroes and the State's witnesses were all white is not "extremely important in the case at hand" as contended by appellant.

As to the second paragraph of the instruction, appellant cites 4 A.L.R.2d 1088, where the use of "Falsus in uno, falsus in omnibus" clauses in credibility of witnesses instructions is criticized. The rationale of the criticism is there stated, "For notwithstanding the general obligation placed on the jury to determine the weight and credibility of testimony the court in effect states that they 'may' 'disregard' or are at 'liberty' (or have the 'right' or are 'entitled') to 'disregard' * * * the whole of the testimony of any witness on finding that he is intentionally false in any material particular. That presentation appears to lay down for the jury a general rule and then an exception to it. No one can assume that a jury will rightly understand such instructions, especially since the courts themselves do not agree as to their meaning." There is obviously some merit in the logic of the foregoing quote, "A so-called falsus in uno, falsus in omnibus instruction which merely authorizes the jurors to disregard testimony which they believe to be false are useless declarations of the obvious, but they are not prejudicially erroneous." Rossomanno v. Laclede Cab Company, Mo., 328 S.W.2d 677, 680 [3]. These types of instructions have long been approved in this state in criminal cases, where the evidence justifies such submission. Thus, it has often been held that a falsus in uno falsus in omnibus instruction is warranted where the evidence conflicts as to the whereabouts of a defendant at the time of the commission of the crime, as is the case here. State v. Gonder, Mo., 289 S.W. 645, 646 [2, 3]; State v. Tighe, Mo., 289 S.W. 829, 830 [2, 3]; State v. Abbott, Mo., 245 S.W.2d 876, 881 [11]. See also State v. Fingers, Mo., 357 S.W.2d 89, 90, and State v. Jones, Mo., 365 S.W.2d 508, 517 [20].

The information here fairly charges appellant with taking money, $112.83, the property of Hudson Van Oil Company, in

the lawful care and custody of Raymond Tippett, by putting him in fear of immediate injury to his person. (The evidence shows that appellant's accomplices pointed a revolver and a sawed-off shotgun towards Tippett while appellant went through his pockets.) The verdict is responsive to the charge, and the sentence of five years in the custody of the Department of Corrections is within the permissible limits. Allocution was granted prior to sentence. The requirements of Supreme Court Rule 28.02, V.A.M.R., were followed.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.