STATE of Missouri, Respondent,

v.

James Albert HOLT, Appellant.

No. 55826.

Supreme Court of Missouri,
Division No. 1.

March 8, 1971.

Motion for Rehearing or to Transfer to
Court En Banc Denied
April 12, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

J. Richard Skouby, St. Louis, for appellant (by appointment).

HIGGINS, Commissioner.

James Albert Holt, with prior convictions for burglary and stealing, was convicted by a jury of robbery, first degree, and the court assessed his punishment at fifteen years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.120, 560.135, V.A.M.S.

Appellant contends first that there was insufficient evidence to take this case to the jury, arguing that the "only evidence is the identification of Appellant by the victim." Such argument concedes the presence of eyewitness testimony, and a brief statement demonstrates a sufficiency of evidence to support the verdict in all respects.

On March 19, 1969, Beulah Nitchman was employed by Super Sandwich Shop, Inc., at 5200 Chippewa, St. Louis, Missouri. At about 9:30 p.m., defendant entered the cafe, pulled a pistol from under his jacket, pointed it at her, and demanded her money. So frightened, Miss Nitchman opened her cash register and gave her assailant its contents, $36 in money. She identified defendant in court as her assailant. See State v. DeLuca, Mo., 448 S.W.2d 869, 870[1]; and see also State v. McGee, Mo., 447 S.W.2d 270, 271–272; State v. Bibbs, Mo., 461 S.W.2d 755, December 14, 1970.

Secondly, appellant contends that the "court erred in not granting a hearing out of the presence of the jury with respect to the legality of the identification of appellant by state witness Beulah Nitchman."

In order to understand and rule this point, it is desirable to have a detailed statement of its related circumstances. Prior to selection of the jury, defense counsel stated: "I would like to make a motion for a hearing, this is an identification case, * * * on the grounds that this identification violated the defendant's rights under the constitution amendments four, five and six. * * *

"THE COURT: What form of evidence do you have that this is in the nature of identification?

"MR. LITTLETON: Well, the evidence is that there was no formal lineup, that the defendant was brought in singly, that he wasn't given right to counsel, the identification was suggested by the police.

"MR. FRANK (Assistant Circuit Attorney): Just for the record, the identification is not based on any personal confrontation the victim had with the defendant other than the time of the holdup and this is the sole basis for the identification in this case, that the victim at the time of the holdup identified this man as the man that held her up. We are not relying on any confrontation in this case nor will there be any evidence to that effect, in other words there will be no evidence on the part of the state as to any identification in personal lineup.

"THE COURT: I am going to overrule you at this time."

During trial the victim, Beulah Nitchman, positively identified defendant as her assailant, described his actions while in her store, described and identified his gun, his distance from her, her clear view of his face, and how all his moves and gestures were accomplished by his right hand, having his left hand, shown to be tattooed, in his pocket at all times.

All such testimony was given without objection; there was no motion to suppress it; there was no motion for hearing outside the presence of the jury; and there was no motion to strike.

The defense cross-examined Miss Nitchman extensively and developed that she identified defendant at the police station where he was shown to her about a week after she had been robbed; that she recognized him also by his voice; and that she helped the police to compose what is known as a composite picture of defendant.

At the conclusion of her testimony, there still was no objection, complaint, or motion with respect to her identification of defendant.

Appellant's argument is that by the court's pretrial ruling counsel "was forced to inquire about the confrontation in the presence of the jury to the detriment of Appellant's case." There are numerous difficulties in this position. First, the nature of appellant's oral pretrial motion is not clear. If it were intended as a motion to suppress identification testimony, it would have been a simple matter to so style it. Second, the language of the court's ruling indicates that "hearing" was not refused for all times, nor did it foreclose other motions going to identification testimony. The court simply overruled the motion "at this time," a time when the only record before the court was the statements of counsel. See State v. DeLuca, supra, 448 S.W.2d l.c. 871. Third, the only evidence to which such motion would lie in this case was the identification of defendant by the single eyewitness. It was received without objection and, absent objection or other effort to suppress or strike, appellant "cannot now successfully urge that the trial court erred in admitting it." State v. Whitaker, Mo., 312 S.W.2d 34, 38 [9]. See also State v. Hampton, Mo., 430 S.W.2d 160, 163[5]; State v. Leigh, Mo., 423 S.W.2d 690, 691[1]; State v. Griffin, Mo., 339 S.W.2d 803, 805[4–6]; State v. Tyler, Mo., 454 S.W.2d 564, 566–567[1, 2]; State v. Simone, Mo., 416 S.W.2d 96, 101 [15]. Fourth, the record does not show how defense counsel was "forced" to cross-examine the eyewitness to his detriment. The cross-examination was undertaken without any effort to strike the identification. It was not only extensive but also detailed and exhaustive, and it demonstrates a defense tactic aimed at discrediting the sole eyewitness in her identification of defendant. Having elected such a course, appellant may not now, on this record, be permitted to second-guess and try a new tack.

Insofar as this point argues that the in-court identification was "tainted," suffice to say that the statement demonstrates an identification source independent of the view, composite picture, and knowledge that defendant would be in the courtroom. Free rein was given to cross-examination, including coverage of matters such as change in hair style and dress and the tattoo. As in other face-to-face robbery cases, the events at the time of the robbery, even though the time of confrontation is

short, are indelibly etched in the victim's mind. See, e. g., State v. DeLuca, supra, 448 S.W.2d l.c. 872–873; State v. Keeney, Mo., 425 S.W.2d 85, 90[7]; State v. Mentor, Mo., 433 S.W.2d 816.

■ Appellant's third point charges error in admitting into evidence two photographs of defendant. Again, it is necessary to state the context in order to rule the contention.

Defendant's case included his mother, father, stepmother, and girl friend as witnesses. They testified, among other things, that he had worn his hair in a distinctive, neat, long style, and that he had never worn his hair in the style shown by the composite picture, or as described by the single eyewitness. Such evidence was an obvious attempt to discredit the only identification of defendant in connection with the robbery. In rebuttal the state offered, and the court allowed, the pictures in question for the "sole purpose of impeachment." The pictures were made from a negative by Donald Botkin, a photographer. He identified them as pictures of James Holt; qualifying cross-examination showed them to have been taken at a time when James Holt had a "name plate" around his neck, and they showed the style of his hair to differ from that described by the defense witnesses.

Counsel's objection was, and his argument is, that the exhibits were not properly authenticated as to time taken, by whom taken, or that they accurately showed defendant's appearance.

The photographs were identified as being of James Holt, and the inference is that they were taken during his confinement awaiting trial. Obviously, if they were of James Holt, they portrayed his hair style, and from the evidence the jury could determine their credibility, and from them determine their effect on the defense witnesses' credibility. In such posture they constituted relevant and material rebuttal evidence properly admitted "for purposes of impeachment." State v. Fingers, Mo., 357 S.W.2d 89, 90[1]; State v. Holmes, Mo., 389 S.W.2d 30, 34[5]. Cf. State v. Jones, Mo., 227 S.W.2d 713, 717[10], where similar intended use of a photograph was denied because "The photograph was not identified and there was no evidence as to when it was taken or by whom."

Next, appellant charges error in giving Instruction No. 2, the state's main instruction, "since said instruction emphasizes all the elements of the crime, invades the province of the jury and emphasizes the guilt of appellant to the extent that the jury could interpret that the court was instructing them to find appellant guilty."

Instruction No. 2 reads:

"In this connection you are instructed that if upon consideration of all the evidence in the case and in the light of the Court's instructions, you find and believe from the evidence, beyond a reasonable doubt, that at the City of St. Louis and State of Missouri, on the 19th day of March, 1969, the defendant, James Albert Holt, feloniously and willfully did rob, steal, take and carry away Thirty-Six Dollars, lawful money of the United States, the property of Super Sandwich Shop, Incorporated, in the care and custody of Beulah Nitchman, by then and there putting the said Beulah Nitchman in fear of an immediate injury to her person, and then and there did feloniously rob, steal, take and carry away the said money and personal property of Super Sandwich Shop, Incorporated from the person and in the presence of, and against the will of the said Beulah Nitchman, with the felonious intent then and there to permanently deprive Super Sandwich Shop, Incorporated of the use of the said property and to convert same to his own use, and if you further find and believe that said money was the property of Super Sandwich Shop, Incorporated, and was of any value whatsoever, then you will find the defendant guilty of Robbery, First Degree, and if you do not find, beyond a reasonable doubt, each and

all of the facts submitted to you for your finding as set forth in this instruction, then you will find the defendant not guilty and acquit him.

"The word 'robbery' as used in these instructions means the felonious taking of the money or property of another, of any value whatever, from the person of the owner or of anyone who has charge and custody of the same or in his presence or from his possession and against his will by violence to his person or by putting him in fear of an immediate injury to his person.

" 'Feloniously,' as that term is used in these instructions, means wickedly and against the admonition of the law."

Appellant claims first that the instruction is erroneous "in that it instructs in the disjunctive on all the elements of the crime of robbery, first degree when the evidence supports a finding only on the element of 'by putting [her] in fear of an immediate injury to [her] person.' Including the element of 'by violence to [her] person' in the instruction would authorize conviction on a basis not included in the indictment and not supported in the evidence." Linked to this claim is the further complaint of the definition of robbery in the instruction.

Examination of the instruction shows the fallacy of the first argument. The only element submitted for a finding of guilt was "fear of an immediate injury to [her] person," and State v. Shepard, Mo., 442 S.W.2d 58, 60, condemning submission of elements of a crime when not supported in the charge and evidence, has no application.

■ The only reference to "violence to [her] person" is in the recited definition of robbery. The same is in the language of the statute, Section 560.120, supra, and, for that reason, is not erroneous. For that matter, if, by defining "robbery" with respect to the two means by which it may be committed, the element "violence

to [her] person" was submitted, note that since State v. Hawkins, Mo., 418 S.W.2d 921, 924[4], flourishing and pointing a gun at the victim without a technical touching in the course of a robbery, constitutes "substantial and submissible evidence of violence under § 560.120." See also State v. Dulaney, Mo., 428 S.W.2d 593, 595[2, 3]; State v. Tinson, Mo., 461 S.W.2d 764.

■ The next defect urged with respect to the instruction is the use of "find * * * each and all of the facts submitted to you for your finding as set forth in this instruction," rather than "find all the facts to be as set forth in this instruction," as used and approved in State v. Hill, Mo., 438 S.W.2d 244, 248. This is simply an exercise in semantics that fails to demonstrate any significant difference between the two submissions.

■ The remaining defect urged is in defining "feloniously." State v. Durham, Mo., 418 S.W.2d 23, 31[22], cited by appellant, recognizes that such definition is unnecessary, but it also finds no error if it is given.

Appellant complains that Instruction No. 4 on escape assumes that the crime of robbery was committed; however, all instructions must be read together, and Instruction No. 6 told the jury that the charge was not evidence of guilt, and that defendant could be found guilty only upon finding that the elements of Instruction No. 2 were proved beyond a reasonable doubt.

Appellant also complains that the instruction failed to require that the escape was for the purpose of avoiding trial on the robbery charge. No such contention was presented to the trial court in defendant's motion for new trial and, consequently, it is not for review. Criminal Rule 27.20, V.A.M.R.

■ Appellant's sixth point is a charge of error in failing to grant a change of venue. Again, the context is necessary to disposition of the assignment.

This case first was assigned for trial in Division No. 18, the Honorable Ivan Lee Holt, Jr., Judge. On March 4, 1970, application for change of venue was filed and the cause was assigned to Division No. 20, the Honorable Gary M. Gaertner, Judge. Trial commenced March 30, 1970, and, on the following day, Juror No. 5 was unable to report for duty due to sickness. The court asked if the parties could agree to continue with eleven jurors. The state was willing; defendant wished a full jury of twelve. Accordingly, the court declared a mistrial and made arrangements for another jury. Prior to impaneling the second jury defendant made another application for change of venue. At the time of his application, counsel asserted "that a considerable pressure was brought * * * to accept eleven members of the jury to go ahead with the trial." Judge Gaertner denied the assertion but permitted defense counsel to testify to his feelings on the record. Counsel's testimony was that the court had asked him to go ahead with eleven jurors and that if a new jury found defendant guilty it would go hard with him. The assistant district attorney also testified. He said he was present during all discussion relative proceeding with eleven jurors or impaneling a new jury. He did not hear the court make any threats relative stiffer sentence or any pressure brought on defense counsel to proceed with eleven jurors.

Appellant tacitly concedes that Criminal Rule 30.12, V.A.M.R., provides for but a single change of venue, but argues that such rule should not apply "if in fact there is a basis for the charge that the trial judge holds prejudice for defendant."

The record is not conclusive on counsel's assertion of "pressure." There was conflicting evidence with respect to whether the trial judge made the statements attributed to him. The conflict was resolved by the trier of fact and, on this record, deference should be accorded such finding. Appellant cites no authority to support a departure from the limitations on change of venue of Rule 30.12 in this case.

Appellant's point VII is that counsel was prevented from making a logical, reasoned argument to the jury because nine objections to his argument were sustained. This contention is without merit because appellant concedes that control of arguments is a matter within the court's discretion; and he does not undertake to demonstrate what, if any, error the court committed in sustaining the nine objections.

Finally, appellant contends that evidence of escape was inadmissible because a separate charge of escape had been filed against him and, accordingly, such evidence tended to prove him guilty of a separate crime. There is no question that flight and escape may be shown as bearing on the issue of guilt of the charge on trial, State v. Coleman, Mo., 441 S.W.2d 46; and, under such circumstances, it makes no difference that evidence of escape may constitute a separate crime chargeable to the accused, State v. Holmes, supra, 389 S.W.2d l.c. 33[2, 3].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.