STATE of Missouri, Respondent,

v.

Clarence N. CLINE, Appellant.

No. 56210.

Supreme Court of Missouri, Division No. 1.

March 13, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan, Russell, Hill & McMullin, Kansas City, for appellant.

HIGGINS, Commissioner.

Clarence Norman Cline, with prior felony conviction of automobile theft, was convicted by a jury of burglary, second degree, and stealing; and the court fixed his punishment at, and sentenced him to, imprisonment for 10 years for burglary and 5 years for stealing, the sentences to run consecutively and not concurrently. §§ 556.280, 560.070, 560.110, V.A.M.S.

Appellant contends: (I) that the court erred in failing to disqualify himself and order a change of judge; and (II) that he was subjected to double jeopardy by the imposition of consecutive sentences.

The information charging Clarence Norman Cline with burglary, second degree, and stealing was filed January 17, 1968. On February 17, 1968, defendant filed an affidavit for disqualification of the assigned trial judge, the Honorable Woodson Oldham, presiding in Division II of the Jasper County Circuit Court. On March 4, 1968, Judge Oldham sustained defendant's affidavit of disqualification, disqualified himself, and transferred the case to Division I where the Honorable Ray E. Watson presided. Also on March 4, 1968, the State, by Assistant Prosecuting Attorney Ben Pyle, and defendant, with his attorney, James Dunn, appeared before Judge Watson in Division I. An amended information was filed charging defendant with prior felony conviction and burglary, second degree, and stealing, to which defendant waived formal arraignment and pleaded not guilty. Trial was set for March 18, 1968.

Trial was commenced and concluded March 18, 1968, with Judge Watson presiding and defendant and his attorney present at all times. Upon conclusion of trial and receipt of the jury's verdict, Judge Watson assessed defendant's punishment at imprisonment for 15 years for burglary, second degree, and 10 years for stealing, the terms to run consecutively and not concurrently.

Motion for new trial was timely filed April 17, 1968. The motion was heard May 15, 1968, and overruled May 22, 1968, after which defendant was sentenced to the 15 and 10-year consecutive terms of imprisonment.

Upon timely appeal, the supreme court, by decision of April 13, 1970, denied all allegations of error except that which recognized defendant's punishment to be in excess of that provided by statute in a joint prosecution for burglary and stealing. Accordingly, the judgment was reversed and the cause remanded with directions to the trial court to bring defendant before it and to enter a new judgment in accordance with the verdict and Section 560.110, supra. State v. Cline, Mo., 452 S.W.2d 190.

On May 6, 1970, defendant, with his attorney, Mr. Brown, and the State, by Assistant Prosecuting Attorney Grant Scott, appeared before Judge Watson pursuant to, and for the purposes of, the directions in the above decision.

At the outset of those proceedings, Mr. Brown announced that defendant wished to file a motion for change of judge. Judge Watson advised counsel that he could file it if he wished, but announced that it would be to no avail. Judge Watson then proceeded to fix defendant's punishment as provided by statute at imprisonment for 10 years for burglary and 5 years for stealing. Judge Watson then granted time for consultation between defendant and his attor-

ney, after which allocution was granted. Upon allocution no reason was given why sentence should not be pronounced but counsel urged the court to sentence defendant to the same imprisonment, consecutive 5 and 2-year terms, fixed by Judge Oldham for two codefendants upon their guilty pleas to the same charge. Judge Watson then indicated his disagreement with such suggestion and sentenced defendant to the 10 and 5-year consecutive terms now attacked by appellant.

Appellant argues under Point I that when defendant made his request for a change of judge at the outset of the resentencing proceedings, the court should have accepted the affidavit for filing, ruled (in his favor) upon its merits, and also should have searched its own conscience (in his favor) as to bias and prejudice upon such suggestion having been made.

Criminal Rule 30.12, V.A.M.R., provides that a judge shall be deemed incompetent and disqualified to try a criminal case when he is interested or prejudiced; that he may disqualify of his own initiative, and he shall be disqualified if an affidavit be filed stating that a party cannot have a fair and impartial trial by reason of interest or prejudice of the judge. Such affidavit must be filed at a prescribed time prior to swearing a jury, and only one such affidavit may be filed by the same party in the same case and shall be made as to only one of the judges of the court involved.

■ Appellant's argument is fraught with a number of difficulties: Contrary to appellant's assertion, the record does not show that Judge Watson refused to permit defendant to file his affidavit. Judge Watson only advised defendant that it would do no good to file the affidavit, and rightly so. Under the rule and on this record, defendant was obviously out of time, and he had already had his allotted change of judge when he disqualified Judge Oldham. State v. Holt, Mo., 465 S. W.2d 602, 606–607 [7].

■ In an effort to circumvent the provisions and requirements of Rule 30.12, appellant further argues that the court should have searched its own conscience and disqualified itself because "the court had received information about the case." For its support, this assertion incorporates by reference ground 11 of the motion for new trial, " * * * the trial judge [received] information from the Sheriff of Jasper County prior to the trial concerning both this defendant and the fact that the owner of the store which was burglarized was, in fact, the brother-in-law of the Sheriff of Jasper County * * *."

When the motion for new trial was heard, Judge Watson denied any discussion of defendant's case with the sheriff and there was nothing presented to support defendant's assertion. The court overruled this contention along with all others asserted in the motion for new trial. The matter of any such interest and alleged prejudice was carried forward on appeal and ruled against appellant at State v. Cline, supra, 452 S.W.2d 1.c. 195 [13, 14]. See also State v. Holt, supra, 465 S.W.2d 1.c. 607; Garton v. State, Mo., 454 S.W.2d 522, 525–526 [2–4]. By comparison there is nothing in this case akin to the situation in State v. Selle, Mo., 367 S.W.2d 522, where the judge's daughter was the victim of the rape for which defendant was on trial.

Appellant's argument under Point II is that burglary and stealing as jointly prosecuted under Section 560.110, supra, "are so intertwined that there cannot be one without the other," and that such statute in its authorization of consecutive sentences is violative of the double jeopardy clause of the Fifth Amendment, "* * * nor shall any person be subjected for the same offense to be twice put in jeopardy of life or limb."

Section 560.110 provides that if any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same or separate counts and, upon conviction of such

burglary and stealing, shall be punished by imprisonment in addition to the punishment for burglary, not less than two nor exceeding five years; and the court shall state in pronouncing sentence whether the additional term is to run consecutively or concurrently. There is no question that the court has now complied with this section in its assessment of punishment, sentence and judgment.

The only question then is whether the judgment and sentence to consecutive terms of imprisonment pursuant to the statute subjects this defendant to double jeopardy.

■ Before a defendant may successfully plead double jeopardy, he must show he was prosecuted for the same offense after prior acquittal, a second prosecution for the same offense after prior conviction for that offense, or multiple punishments.

■ Section 560.110 recognizes two separate offenses, i. e., burglary by virtue of a breaking and entering, and stealing in connection with such breaking and entering. To argue that the same intent may have been involved in both crimes is not sufficient to show the commission of but one crime. Here, defendant was convicted of the crime of burglary and of the crime of stealing in connection with such burglary. He has not been previously acquitted on charges of either offense; he has not been twice prosecuted for either offense subsequent to prior conviction for either offense, and no multiple punishments have been assessed for either offense. Defendant acknowledged the control of Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, in such circumstance, where it was held that protections against double jeopardy were not violated by consecutive sentences imposed on a defendant charged in three counts with three different violations of three separate statutes controlling sales of narcotics.

Appellant cites Ashe v. Swenson, 397 U. S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, in support of his argument, but concedes, as he must, that any question of multiple punishments was not ruled. Cited also is Maynes v. People, 169 Colo. 186, 454 P.2d 797, which appears not to have had any statutory authority similar to Section 560.110, upon which to order consecutive sentences for burglary and stealing. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, is subject to similar distinction.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and SMITH, Special Judge, concur.

BARDGETT, J., not sitting.