James Albert HOLT, Appellant (Movant),

v.

STATE of Missouri, Respondent.

No. 34888.

Missouri Court of Appeals,
St. Louis District, Division One.

April 3, 1973.

Motion for Rehearing or Transfer to
Supreme Court Denied
May 11, 1973.

Irvin Dagen, Clayton, for appellant (Movant).

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Judge.

Movant (hereafter referred to as Defendant) was convicted of robbery in the first degree and sentenced to 15 years in prison by the Circuit Court of the City of St. Louis. On appeal, the conviction was upheld by the Missouri Supreme Court in State v. Holt, 465 S.W.2d 602 (Mo.1971). Defendant then filed motions for relief pursuant to Supreme Court Rule 27.26, V. A.M.R. to vacate and set aside his conviction. After a hearing on the motions, the trial court denied the requested relief. For reasons stated below, we affirm.

Defendant asserts on this appeal that the trial court erred at the post-conviction hearing in three respects, in that (1) the court failed to determine whether the identification of defendant at his trial was tainted by police suggestion; (2) the court failed to decide on the alleged prejudice of the original trial judge; and (3) the defendant did not receive adequate assistance

of counsel at his trial and the court should have found as much.

 The latter two points present little for review by this court. The issue of alleged prejudice on the part of the trial judge was decided on direct appeal by the Supreme Court in State v. Holt, supra. A proceeding under Rule 27.26 cannot be used as a second appeal. The third issue, alleged ineffective assistance of counsel, was decided adversely to defendant by the court below after a full evidentiary hearing. That decision will be sustained unless "clearly erroneous." Rule 27.26, V.A.M.R. We find no such error.

The first issue, however, the allegedly tainted identification of the defendant at trial, deserves further comment. Since the facts in this case have already been set forth in State v. Holt, supra, only those facts relevant to the identification are presented here. The record shows that on the evening following the robbery the victim, who was the sole eyewitness to the incident, assisted police officers in the preparation of a composite photograph. She then looked through a book of "mugshots" and picked out defendant's photograph.

One week later defendant was arrested at his job and brought to the police station for questioning. While there he was shown twice to the witness in a one-on-one confrontation. There is conflict in the record whether defendant demanded the one-man showup to show his alleged innocence. There is also an indication that the witness was allowed to go through a mug shot book before the showup. Nonetheless, the witness identified defendant as the man who robbed her and stated that her identification was based on defendant's looks and voice. She remarked that defendant had had a haircut since the robbery. The witness again identified defendant as the robber at trial, although there is a suggestion that she knew where defendant would be sitting in the courtroom.

Prior to the trial, defendant's attorney moved that a hearing be held to determine whether the pre-trial identification deprived defendant of his constitutional rights. The prosecution replied that the in-court identification would be based solely on the witness' view of her robber at the holdup. The motion was denied at that time. Subsequently, defendant's attorney did not object to the introduction of the eyewitness identification evidence, but he did cross-examine the witness at length about the showups at the police station.

On direct appeal, the Supreme Court noted that defendant's attorney had failed to preserve the identification issue for appeal by appropriate motions, but instead chose the tactic of extensive cross-examination. The court said: ". . . Having elected such a course, appellant may not now, on this record, be permitted to second-guess and try a new tack." State v. Holt, supra, at 604.

While this holding did not reach the merits of defendant's objection to the identification procedure, the court went on to say:

"Insofar as this point argues that the in-court identification was 'tainted,' suffice to say that the statement demonstrates an identification source independent of the view, composite picture, and knowledge that defendant would be in the courtroom. Free rein was given to cross-examination, including coverage of matters such as change in hair style and dress and the tattoo. As in other face-to-face robbery cases, the events at the time of the robbery, even though the time of confrontation is short, are indelibly etched in the victim's mind . . ." (at 604–605)

In each of the Missouri cases cited in support of this holding, the court reviewed the identification evidence and the attendant due process questions in light of the three leading United States Supreme Court decisions in this area. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d

1178 (1967); and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The question before this court then is whether the seemingly alternative holding above precludes review of the identification and denial of due process issue in a 27.26 proceeding. If the alternative holding is to be regarded as obitur dictum, on the grounds that the court had already rejected the appeal without reaching the merits, defendant might be able to seek habeas corpus relief on the same issues and facts. See Fay v. Noia, 372 U.S. 391, 425, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). But we do not have to reach this issue. It is well settled that when a court bases its decision on two or more distinct grounds, each is as authoritative as the other and neither is obitur dictum. Riss & Co. v. Wallace, 239 Mo.App. 979, 195 S.W.2d 881, 885 (1946). See also Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949) and Union Pacific Co. v. Mason City Co., 199 U.S. 160, 26 S.Ct. 19, 50 L.Ed. 134, 166 (1905). This rule is the only reasonable inference to be drawn from alternative holdings. Unless all the alternatives are to be considered authoritative, how is one to pick which is the rule of law and which is dictum?

We therefore hold that the Supreme Court has fully considered and ruled on the merits of defendant's identification motions, and we are precluded under Rule 27.26 from allowing the post-conviction proceedings to serve as a second appeal.

We would remind police officers and prosecuting officials in this jurisdiction, however, that the law regarding lineups, showups, and other pre-trial identification procedures has changed since the *Wade, Gilbert,* and *Stovall* cases, supra. One-on-one showups raise serious doubts about the accuracy of human perception and recognition. When the police present a lone suspect to a witness for identification, the possibility of undue suggestion becomes so strong as often to require inquiry into issues of fundamental fairness and due process of law. The interests of fair and efficient administration of criminal justice would be better served if lineups, presenting alternatives to witnesses were used whenever circumstances permitted.

We have considered all assignments of error that were preserved for review and find them to be without merit. The defendant was present and represented by counsel throughout the hearing.

Judgment affirmed.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.