**Eugene CALVERT, Respondent,**

v.

**Susan PLENGE, Appellant.**

**No. ED 96073.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 1, 2011.

Howard M. Hickman, Kirksville, MO, for Appellant.

James R. Dowd, Joseph F. Yeckel, St. Louis, MO for Respondents.

KURT S. ODENWALD, Chief Judge.

## Introduction

Appellant Susan Plenge (Plenge) appeals from the trial court's dismissal of her counterclaims against Respondent Eugene Calvert (Calvert) upon Calvert's motion for summary judgment in an underlying property dispute. The trial court found that there was no issue of material fact that Plenge failed to assert her counterclaims against Calvert before the expiration of the statute of limitations. For the reasons below, we affirm.

## Factual and Procedural History

Plenge owned approximately 1200 acres of farmland with her husband. Plenge became the sole owner of the land upon her husband's death in October 2000. In 2001, Plenge entered into an agreement regarding the land, the specifics of which were the subject of the underlying litigation, and Plenge transferred the land to Calvert by warranty deed. Plenge contends that the parties agreed that Calvert would take title of the land as an equitable mortgage, and that Calvert agreed to transfer title back to Plenge upon her request. Plenge explains that the parties came to this arrangement in order to help Plenge avoid losing the land in an unrelated lawsuit. Calvert claims that Plenge transferred the title as an outright sale for a price equal to the amount of the outstanding mortgage on the property. Following the transfer of the property's title, Plenge continued to live on the property as a cash renter pursuant to a lease with Calvert.

In 2003, Plenge asked Calvert to transfer the title of the land back to her. Calvert refused. Plenge stopped paying Calvert rent in late 2003 or early 2004. In 2008, Plenge again requested Calvert transfer the land back to her. Calvert again refused. In November 2008, Calvert notified Plenge that he was terminating her lease for failure to pay rent, and demanded she leave the property within 30 days. In January 2009, following Plenge's failure to leave the property, Calvert filed a Petition for Ejectment seeking her ejectment from the land. Plenge asserted counterclaims seeking a declaratory judgment that the warranty deed was an equitable mortgage, or in the alternative, the transaction was an equitable conditional sale. Plenge also asserted counterclaims for breach of contract, fraudulent misrepresentation, undue influence, breach of fiduciary relationship, and unjust enrichment.

Calvert brought a motion seeking summary judgment against Plenge on all of her counterclaims on multiple grounds, including the statute of limitations. Specifically, Calvert argues that there is no factual dispute that Plenge asked Calvert to reconvey the land to her in 2003, and that Calvert refused. Plenge testified to these facts at her deposition. Given these undisputed facts, Calvert asserts that there is no genuine issue of material fact that the 5 year statute of limitations under Section

516.120 [1] began to run in 2003 when Calvert refused to reconvey the land as Plenge claims the parties agreed in 2001. Because Plenge did not assert her claims for breach of the agreement until 2009, after the expiration of the 5 year statute of limitations, Calvert requested the trial court enter summary judgment against Plenge on all of her counterclaims.

Plenge filed a memorandum in opposition to Calvert's motion for summary judgment and included a sworn affidavit filed under Rule 74.04.[2] Plenge's affidavit substantially recounts her deposition testimony with one notable addition. In her affidavit, Plenge directly claimed, for the first time, that she rescinded her 2003 request that Calvert reconvey the land during the same conversation in which Calvert refused to reconvey the land. Plenge argued that her affidavit created an issue of material fact as to the date of the alleged breach. Plenge asserted that if she rescinded her 2003 request to have Calvert reconvey the land to her, then Calvert could not have breached the agreement until he refused Plenge's subsequent request to reconvey the land to her in 2008. Because her affidavit allegedly created a genuine issue of material fact as to the date of Calvert's breach and whether the statute of limitations had passed on her counterclaims, Plenge argued summary judgment was improper.

The trial court rejected Plenge's argument and granted summary judgment for Calvert as to each of Plenge's counterclaims. The trial court considered Plenge's failure to testify during her deposition that she had rescinded her 2003 request for Calvert to reconvey the land, and held that under *ITT Commercial Finance Corp. v. Mid–America Marine Sup-*

*ply Corp.*, 854 S.W.2d 371 (Mo. banc 1993), Plenge could not "avoid summary judgment by giving inconsistent testimony [through the affidavit] and then offering the inconsistencies into the record in order to demonstrate a genuine issue of material fact." The trial court further held that even had it considered the affidavit, the substance of the affidavit would not change the fact that Plenge requested the reconveyance in 2003, Calvert refused to reconvey the property in 2003, thereby damaging Plenge. The trial court found that the statute of limitations began to run in 2003 regardless of whether Plenge later rescinded her request for reconveyance. Accordingly, the trial court entered summary judgment against Plenge on her counterclaims. The trial court certified its summary judgment order as final under Rule 74.01(b). This appeal follows.

### Point on Appeal

Plenge appeals the trial court's order of summary judgment in favor of Calvert and argues that her affidavit created a genuine issue of material fact as to whether Plenge's counterclaims were barred by the applicable statute of limitations. Plenge contends that her affidavit testimony did not contradict her deposition testimony, and therefore should not have been disregarded by the trial court under the guidance of *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*

### Standard of Review

We review the entry of summary judgment *de novo*. *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp.*, 854 S.W.2d at 376. We

---

1. All statutory references are to RSMo Cum. Supp.2009 unless otherwise indicated.

2. All rule references are to Mo. R. Civ. P.2011 unless otherwise indicated.

will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beyerbach v. Girardeau Contractors, Inc.*, 868 S.W.2d 163, 165 (Mo.App. E.D.1994).

### Discussion

I. *The trial court erred in excluding Plenge's affidavit from consideration during Calvert's motion for summary judgment.*

■ In her sole point on appeal, Plenge argues that the trial court erred in refusing to consider evidence in Plenge's affidavit that she rescinded her 2003 request that Calvert reconvey the land. For the reasons that follow, we agree.

■ Rule 74.04 allows parties to submit affidavits to supplement the record when making or opposing a motion for summary judgment. Rule 74.04(c)(2). A party may submit contradictory testimony where it is clear that the party was originally mistaken or misspoke. *Powel v. Chaminade College of Preparatory, Inc.*, 197 S.W.3d 576 (Mo. banc 2006) (Wolff, C.J., concurring). However, a party may not avoid summary judgment by giving inconsistent testimony and then claiming the inconsistencies demonstrate a genuine issue of material fact. *ITT*, 854 S.W.2d at 388.

The issue before this Court is whether Plenge's affidavit is inconsistent with her earlier testimony. Under *ITT*, the trial court properly excluded Plenge's affidavit from consideration as summary judgment evidence if the affidavit contradicted her prior deposition testimony. Having carefully reviewed the record, we are unable to conclude that the affidavit at issue contradicted or was otherwise inconsistent with Plenge's deposition testimony. Accordingly, the trial court should have considered the affidavit as summary judgment evidence during the summary judgment proceedings.

The relevant exchange during Plenge's deposition is as follows:

Q Okay. When did you notify Mr. Calvert of your desire to exercise your option to this equitable conditional sale contract?

A I asked him to reconvey it. It would have been sometime after Mercantile got their judgment, and I can't tell you the date on that.

Q. Sometime after Mercantile got their judgment?

A. Yes.

Q When did they get their judgment?

A I can't tell you the date on that. I want to say it was in 2003, but I'm not sure it that's the right date or not.

Q So after Mercantile got their judgment, you said you wanted it back?

A Yes, I did.

Q And why would that be?

A Because Mercantile had talked to me about a settlement with them, and to basically finish with that. And there was enough equity in the ground that I told Mr. Calvert I wanted to get my property back, and I was going to settle with Mercantile.

Q And what did he say?

A He said, "No. I'm not going to convey it back to you."

Q Okay. And do you have a document that I could read that would indicate that you asked him to reconvey that property in 2003?

A No. I asked him. I didn't have a written document.

Q   And you claim that he said, "No, I won't reconvey it" in 2003?

A   Yes.

Absent from Plenge's deposition testimony is any affirmative statement regarding a rescission of her 2003 request to Calvert to reconvey the land to her.

Calvert characterizes the absence of any testimony regarding Plenge's rescission of the 2003 request to reconvey the land as contradictory to the claim of rescission made by Plenge in her subsequent summary judgment affidavit. We are not persuaded by the characterization advocated by Calvert and applied by the trial court, and hold that *ITT* does not support the trial court's exclusion of the affidavit.

In *ITT*, the Missouri Supreme Court excluded, for the purposes of summary judgment, contradictory testimony by the non-moving party that a signature was both authentic and not authentic. *ITT*, 854 S.W.2d 371, 388 (Mo. banc 1993). The Court's holding that a party could not offer inconsistent evidence and then rely on that inconsistency to create a question of fact applied to a factual scenario where the non-movant offered *affirmatively* contradictory evidence. In this case, Plenge's prior testimony makes no reference to a rescission. While the parties may argue the credibility of Plenge's sworn affidavit that she rescinded her request that Calvert reconvey the land to her, we discern no affirmative contradiction in the affidavit of any testimony given by Plenge during her deposition. Calvert does not cite, nor do we find, any legal authority from this jurisdiction that a party to a summary judgment proceeding cannot supplement their earlier deposition testimony with a subsequent affidavit that does not affirmatively contradict their earlier testimony. The fact that Plenge expands upon her earlier testimony with additional information does not, in itself, equate to an affir-mative contradiction of the prior testimony.

We acknowledge that Plenge's affidavit adds details of the 2003 conversation about which she did not testify during her deposition. Although Plenge's affidavit expands upon her earlier deposition testimony, the affidavit does not expressly contradict her testimony. Our review of the record finds no exchange with Calvert's counsel that would have reasonably elicited a response from Plenge regarding the rescission of her request that Calvert reconvey the property at issue. Immediately upon confirming from Plenge that Calvert refused to reconvey the property to her in 2003, counsel inquired whether Plenge's demand had been in writing, and then immediately left the topic of her demand to ask questions regarding separate and distinct litigation between Plenge and one of her family members. Calvert did not ask follow up questions to Plenge about the circumstances of her demand and Calvert's subsequent refusal. Given these facts, we decline to characterize Plenge's failure to volunteer information not requested of her as contradictory or inconsistent testimony.

We further note that the record suggests that Calvert had reason to further inquire into the circumstances of Plenge's alleged demand. In response to Calvert's first interrogatories, Plenge stated that she verbally requested the reconveyance of the property sometime in the spring of 2008. No reference to a demand made during 2003 was included in this interrogatory answer. Had Calvert inquired into this interrogatory response during Plenge's deposition, he may have extracted testimony inconsistent with Plenge's later affidavit. But he did not. We will not penalize Plenge in the summary judgment proceeding because she elaborated on a topic in her affidavit that was not fully

explored by Calvert at Plenge's prior deposition.

Given the entirety of the deposition transcript, we find that the statements regarding the 2003 rescission included in Plenge's affidavit are not inconsistent with her prior deposition testimony. The trial court erred in disregarding her summary judgment affidavit because Plenge's responses at her deposition were neither evasive nor contradictory. Point granted.

II. *Summary judgment is affirmed because Plenge did not appeal the trial court's holding that Plenge's affidavit did not create a genuine issue of material fact, even had it been considered.*

■ Calvert argues that even if we find the trial court improperly failed to consider the affidavit, we should nevertheless affirm the trial court's judgment because Plenge did not appeal that portion of the trial court's holding that, even considering Plenge's affidavit, there exists no genuine issue of material fact that the five year statute of limitations began to run in 2003 when Calvert first refused to reconvey the land.

Plenge did not raise this part of the trial court's ruling in the Points Relied On or Argument of her brief. However, in response to Calvert's argument, Plenge suggests that the portion of the trial court judgment relating to non-persuasiveness of her affidavit was merely dicta, and not a separate appealable issue. We may not address issues on appeal that have not been properly raised by the parties. Rule 84.13. To raise an issue on appeal, a party must present the issue separately in the points relied on section of their appellate brief. Rule 84.04. Both parties agree that Plenge did not raise the issue separately in her brief. Therefore, we consider whether the language used by the trial court in its judgment that the affidavit did not create an issue of material fact was a distinct holding of the trial court when granting summary judgment, or whether that portion of the trial court's judgment was merely dicta, and did not present an appealable issue.

■ Obiter dicta is by definition a gratuitous opinion. *Husch & Eppenberger, L.L.C. v. Eisenberg*, 213 S.W.3d 124, 132 (Mo.App. E.D.2006). "Statements are obiter dicta if they are not essential to the court's decision of the issue before it." *Id.* (internal citation omitted). Statements that are not essential to a trial court's holding have only persuasive force, and therefore need not, and in fact cannot, be appealed. *See McPherson v. U.S. Physicians Mut. Risk Retention Group*, 99 S.W.3d 462, 484 (Mo.App.W.D.2003); *see also Holt v. State*, 494 S.W.2d 657, 659 (Mo.App.St.L.D.1973).

A plain reading of the trial court's judgment clearly shows that the trial court's ruling that Plenge's affidavit did not create a genuine issue of material fact is in fact a separate holding, and is not mere obiter dicta. The trial court found that "assuming *arguendo* that this Court should consider the statement contained in [Plenge's] affidavit that she withdrew her request that [Calvert] reconvey the property to her in the 2003 conversation, some facts still remain the same." The trial court explained that the affidavit did not change the fact that Calvert breached the 2001 agreement in 2003 when Plenge originally requested the reconveyance and Calvert refused. The trial court reasoned that Calvert's refusal in 2003 constituted a breach of contract, Plenge was damaged at the moment of the breach, and that a later rescission of her request that Calvert perform on the 2001 contract did not excuse the breach or her damages. Because Calvert breached the agreement and Plenge

was thereby damaged, a cause of action arose in 2003 and the statute of limitations began to run. The trial court held that even when considering the affidavit, there was no issue of material fact that Plenge failed to assert her counterclaims within the required statutory period, and therefore, Calvert was accordingly entitled to summary judgment.

The trial court's judgment articulates two independent holdings, each of which, if supported by the record, supports its order granting summary judgment in favor of Calvert. Specifically, the trial court held that (1) Plenge's affidavit should not be considered in the court's analysis of Calvert's motion for summary judgment because the affidavit contradicted her earlier testimony, and (2) Calvert was entitled to summary judgment even if the trial court considered the affidavit. Plenge appealed only the former holding. The latter holding is a separate basis for the trial court's entry of summary judgment, and that holding is not before this Court for appellate review because Plenge did not appeal that issue. Therefore, we affirm the trial court's order granting summary judgment to Calvert on Plenge's counterclaims.

### Conclusion

While the trial court erred in not considering Plenge's affidavit when reviewing Calvert's motion for summary judgment, we affirm the trial court's judgment because Plenge has not appealed the trial court's holding that even considering the affidavit, there was no genuine issue of material fact that the statute of limitations began to run in 2003.

CLIFFORD H. AHRENS, and GARY M. GAERTNER, JR., JJ., Concurs.