

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| THE WRECKING CREW, INC., | ) | No. ED112639 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-CC03851 |
| | ) | |
| OHM HOTEL GROUP, LLC, et al., | ) | Honorable Joseph L. Walsh |
| | ) | |
| Respondent. | ) | Filed: December 24, 2024 |

### Introduction

Appellant, The Wrecking Crew, Inc., appeals the trial court's grant of summary judgment in favor of Respondents OHM Hotel Group, LLC, OHM Properties, LLC, Nall Construction LLC, and Hemal Patel (collectively "Respondents"). Appellant argues that the trial court erred when it granted Respondents' motion for summary judgment because there is a genuine dispute of material fact regarding the legitimacy of the waiver and release Respondents rely upon to rebut Appellant's claims. Because there is contradictory evidence in the record as to whether the waiver and release is a forgery, we find that summary judgment was improper and reverse and remand for further proceedings.

### Background

Appellant was hired to perform demolition work for Respondents and entered into a contract in February 2020. Appellant claimed Respondents owed a total of $214,225 for the work

completed and that Respondents did not pay the final $44,775 of that sum. Appellant brought several claims in their initial petition, including a claim alleging breach of contract and one claim alleging fraud. Respondents filed an answer denying that they owed any money to Appellant and a counterclaim alleging breach of contract for a change order with damages totaling $4,400.

Respondents then filed a motion for summary judgment alleging that M.C., Appellant's president, had admitted in a deposition prior to the pending case that he signed an unconditional waiver and release on all the work Appellant had done for Respondents. In response to the motion for summary judgment, Appellant submitted an affidavit from M.C. denying that he signed a waiver and release and asserting that any signature on such a release was a forgery. Appellant also submitted an affidavit from a forensic document examiner ("hand-writing expert") stating *inter alia* that the forensic examiner's opinion was that the signature was forged.

The trial court granted Respondents' motion for summary judgment. After summary judgment was entered, Appellant entered a confession of judgment on Respondents' counterclaim. This appeal follows.[1]

**Analysis**

This court reviews the granting of summary judgment *de novo*. *McNearney v. LTF Club Operations Co., Inc.*, 486 S.W.3d 396, 401 (Mo. App. E.D. 2016). "[T]his Court views the record in the light most favorable to the party against whom judgment was entered giving the non-movant the benefit of all reasonable inferences from the record." *Am. Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 89 (Mo. banc 2000). The lower court's decision is affirmed "where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no

---

[1] Respondents filed a motion to dismiss the appeal, which this court ordered taken with the case. Appellant's confession of judgment on the counterclaim does not bear on the claims in Appellant's petition nor on the summary judgment motion Appellant now appeals. The motion is denied.

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Calvert v. Plenge*, 351 S.W.3d 851, 854–55 (Mo. App. E.D. 2011) (citing *Beyerbach v. Girardeau Contractors, Inc.,* 868 S.W.2d 163, 165 (Mo. App. E.D. 1994)). "Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Am. Standard Ins. Co.*, 34 S.W.3d at 89.

Genuine issues of material fact arise "where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts*." ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993).

> The rule that the non-movant is "given the benefit of all reasonable inferences" means that if the movant requires an inference to establish his right to judgment as a matter of law, and the evidence reasonably supports any inference other than (or in addition to) the movant's inference, a genuine dispute exists....

*Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 97 (Mo. App. E.D. 2014) (quoting *ITT Com. Fin. Corp.*, 854 S.W.2d at 382). If genuine issues of material fact exist in the record, summary judgment is improper. *Stanbrough*, 445 S.W.3d at 97. Furthermore, "[i]t is not the truth of these facts which matter, but whether the facts are disputed." *Phillips v. CNS Corp.*, 135 S.W.3d 435, 440 (Mo. App. W.D. 2004) (quoting *Rogers v. Frank C. Mitchell Co.,* 908 S.W.2d 387, 389 (Mo. App. E.D. 1995)).

Appellant argues that there are genuine issues of material fact in the record because Appellant's petition alleges that the waiver and release is fraudulent and Respondents' motion for summary judgment contains contradicting facts alleging that the waiver and release is genuine. In their motion for summary judgment, Respondents relied on M.C.'s deposition in a previous case in which they claim that M.C. admitted that his signature appeared on a document titled "Unconditional Waiver and Release of Lien." The motion asserts that "[i]n order to pursue its claim, Wrecking Crew seeks to avoid the waiver and release by now suggesting—based solely

upon an alleged opinion of a so-called hand-writing expert—that [M.C.] actually did not sign the waiver and release—despite his own prior deposition testimony and the personal observations of Mr. Patel." Accordingly, Respondents' own motion acknowledges the existence of disputed material facts, as their statement points to issues of fact and credibility regarding the legitimacy of the waiver and release that were inappropriately considered at the summary judgment stage. Respondents' minimalist brief before us merely says the general principle in *ITT Com. Fin. Corp.* is controlling, with scant explanation why given the facts of this case.

"We acknowledge the general principle that 'a party may not avoid summary judgment by giving inconsistent testimony and then offering the inconsistencies into the record in order to demonstrate a genuine issue of material fact.'" *Stanbrough*, 445 S.W.3d at 103 (quoting *ITT Com. Fin. Corp.*, 854 S.W.2d at 388). Furthermore, "competent material evidencing two plausible, but contradictory conclusions cannot come from the testimony of the same witness." *Rustco Prod. Co. v. Food Corn, Inc.*, 925 S.W.2d 917, 923 (Mo. App. W.D. 1996). Missouri courts have previously determined that offering the affidavit of a party in defense of a motion for summary judgment as a means to contradict one's own prior sworn deposition testimony is insufficient to avoid summary judgment. *See e.g.*, *ITT Com. Fin. Corp.*, 854 S.W.2d at 388; *See also Rustco Prod. Co.*, 925 S.W.2d at 922-24; *McMillin v. Am. Fam. Ins. Co.*, 950 S.W.2d 242, 248 (Mo. App. W.D. 1997). However, in those cases, the only evidence creating an issue of disputed material facts was contradictory testimony from the same witness. Here, although M.C.'s affidavit alleging that the signature on the waiver and release is forged is contradictory to his own prior deposition testimony, Appellant also submitted the affidavit of a hand-writing expert which also contradicts M.C.'s

deposition testimony by stating that it is the expert's professional opinion that the signature in question is a forgery.[2]

The Missouri Supreme Court addressed a similar, but distinguishable, set of facts in *ITT Com. Fin. Corp.* That case involved, among other things, an improperly pleaded affirmative defense approximating fraudulent inducement. The facts regarding the affirmative defense involved a hand-writing expert's assessment that a signature was valid. In that case, the party moving for summary judgment offered three guaranties signed by the non-moving party and the non-moving party presented contradictory evidence regarding the veracity of his signature on the various documents. In a deposition, the non-moving party identified his signature on guaranty 2. Following the deposition, he gave guaranty 2 to a hand-writing expert as an example of his genuine signature in order to show that his signature on one of the other guaranties, guaranty 1, was forged. The non-moving party's hand-writing expert used his signature on guaranty 2 as part of their analysis that determined that guaranty 1 was in fact forged, a conclusion presented to the court in the hand-writing expert's affidavit. Following the non-moving party's efforts to show that guaranty 2 was authentic in order to show that guaranty 1 was inauthentic, the non-moving party then contradicted his prior identification of his signature and the testimony of the hand-writing expert, claiming that guaranty 2 was also a forgery. The court found that the non-moving party's unsworn claim that both signatures was a forgery was insufficient to create a genuine issue of material fact in light of the handwriting expert's affidavit that corroborated his sworn deposition testimony. In the case before us, Appellant brought a fraud claim specifically alleging that the signature on the

---

[2] We acknowledge that there is also an affidavit in the record from Respondent Hemal Patel alleging that he watched M.C. sign the waiver and release; however, this affidavit does not negate the existence of the hand-writing expert's affidavit corroborating Appellant's claim that the signature is a forgery. Mr. Patel's affidavit merely highlights that such facts are in dispute.

waiver and release was a forgery and stating that a hand-writing expert determined that the document was a forgery. The hand-writing expert's affidavit creates the genuine dispute of material fact because it contradicts Appellant's deposition, unlike in *ITT Com. Fin. Corp.*, where the hand-writing expert corroborated the deposition testimony.

Respondents' motion for summary judgment acknowledges that M.C. alleged fraud based on the affidavit of the hand-writing expert, not just his own affidavit—a fact that Respondent's brief wholly fails to address. The fact that distinguishes this case from the above cases is that the supplemental evidence offered here supports the contradictory testimony—that the signature was fraudulent—rather than the original testimony. Whether the signature was actually forged and whether the hand-writing expert is credible both require a fact finder to make credibility determinations and cannot be determined at the summary judgment stage. *See Petruska v. City of Kinloch*, 559 S.W.3d 386, 390 (Mo. App. E.D. 2018) ("Resolution of this factual question requires the fact-finder to make credibility determinations and to choose among competing inferences, neither of which is permitted at the summary-judgment stage"). Because the fact of whether or not M.C.'s authentic signature is on the waiver and release is the central fact in dispute, we find that his bare statement of "yeah" and "yes sir" in response to the question of "is that your signature?" is insufficient to disprove the fraud allegations when there is other contradictory evidence in the record to support Appellant's claim that the signature is fraudulent.[3] M.C's only response was that

_____

[3] The only part of the deposition addressing the waiver and release reads:
COUNSEL: Okay. I'm going to hand you a document marked Exhibit 5.
M.C.: Okay.
COUNSEL: Is that your signature in the lower left?
M.C.: Yeah.
COUNSEL: Is that a yes?
M.C.: Yes, sir.
COUNSEL: Those are all the questions I have today. Thank you for your time and attention.

This unspecific and cursory questioning was the only discussion of the document and ended the deposition.

it was his signature, which is precisely what the hand-writing expert's affidavit addresses and contradicts.

This court must "accord the non-movant the benefit of all reasonable inferences from the record." *McNearney v. LTF Club Operations Co., Inc.*, 486 S.W.3d 396, 401 (Mo. App. E.D. 2016). Therefore, because a genuine dispute of material fact exists as to whether the signature was forged, which is supported by both M.C.'s affidavit and the hand-writing expert's affidavit, we find that summary judgment was improper.

## Conclusion

For the foregoing reasons, we reverse and remand for further proceedings consistent with this court's opinion.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

7