**James P. AYLWARD, Jr., Appellant,**

v.

**Randolph Louis BAER, et al.,
Respondent.**

**No. WD 39119.**

Missouri Court of Appeals,
Western District.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
March 15, 1988.

William C. Partin, Matt Partin, Kansas City, for appellant.

Richard N. Ward, Jeffrey L. Hess, Kansas City, for respondent.

Before PRITCHARD, P.J., and
GAITAN and COVINGTON, JJ.

GAITAN, Judge.

Plaintiff, James P. Aylward, Jr., on behalf of his ward, Vicki M. Sweeney, seeks damages for injuries to Sweeney resulting from a vehicular accident which occurred on February 7, 1981. Plaintiff has sued four defendants and his theory of recovery is negligence. However, the city of Kansas City, Missouri (City) and, Kansas City Power and Light Company (KCP & L) are the defendants to which this appeal applies.

The two other defendants (Baer & Ink) are the motorists who were operating the vehicles which struck Sweeney. Action as to those defendants is stayed pending disposition of this appeal. Defendants Kansas City, Missouri and Kansas City Power and Light Company filed their respective motions for dismissal and/or summary judgment which were granted by the trial court. There is no dispute between these parties that the trial court orders with respect to these two defendants are final and appealable within the meaning of § 512.020 RSMo. We affirm.

On February 7, 1981, the block of Wornall Road between 79th Terrace and 80th Street was bordered on its east side and on its west side by a row of shops, stores and other businesses, each row being fronted by a parking area. At about 1:30 a.m. on the 7th, Vicki Sweeney and DeWayne Stilwell proceeded through the parking area in front of AB's, at 7929 Wornall, and headed west and slightly south in the direction of 7950 Wornall across the street where their car was parked. There was no formal crosswalk at this location. As they moved out of AB's parking area they passed in front of the single street light in the middle of the block which was situated on the east side of the street. The other two lights in the block were situated at its endpoints, 79th Terrace and 80th Street. At a point in the west curb lane of Wornall, just a step or so from that part of the parking area in front of 7950 Wornall, both Vicki Sweeney and Stilwell were hit by Baer's southbound car.

Baer claims he did not see either Sweeney or Stilwell until immediately before hitting them and so did not in any way slow his car or take other evasive action. Baer estimated his speed at 35 m.p.h. However, there allegedly is contrary evidence in the form of an eyewitness statement that his speed was between 50–60 m.p.h. At any rate, Sweeney and Stilwell were knocked into the air, coming to rest near the center of Wornall Road. There Vicki Sweeney was, some 30 seconds later, run over by John Ink's car. The left front and left rear tires of his car ran directly over Vicki Sweeney's head and face causing irrepara-ble injuries. Ink alleges he did not see either Sweeney or Stilwell before the accident occurred.

According to plaintiff, both Baer and Ink each attributed his failure to see Vicki Sweeney, to the poor visibility caused by the inadequate illumination from the street lights. There were no other reasons recited for their failure to see the victims.

KCP & L owns the lights and light poles and leases them to the City at the direction and specification of the City. KCP & L also performs all work on the street lights from installation to maintenance.

The claims against the City and KCP & L were pleaded in Count II of the Petition (Count I contained the claims against Baer and Ink). Plaintiff alleges the City and KCP & L share responsibility for the street lights, and therefore, they are joint tortfeasors. More specifically plaintiff alleges that in placing the street lights as they did, KCP & L acted as a contractor with and as a servant of the City. Plaintiff further alleges that they jointly violated the common law duty to keep the streets reasonably safe for travel in numerous respects relative to the street lights, ranging from selection of the lighting equipment to maintenance thereof.

The issue before this Court concerns the propriety of the trial court's ruling on the motion to dismiss or, in the alternative, motion for summary judgment filed by the defendants, Kansas City, Missouri and KCP & L. The disposition of this action is governed by Supreme Court Rule 74.04 which deals with summary judgments. Specifically, Rule 74.04(c) states, in part, as follows:

> The Motion shall be served at least ten days before the time fixed for a hearing. The adverse party prior to the day of hearing may serve opposing affidavits. Judgment sought shall be rendered forthwith if the pleadings, depositions, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law ...

With that rule in mind we review the position of the two defendants herein.

■ First, we examine the facts as they relate to the City. Plaintiff correctly argues that the City has a duty to keep its streets in a reasonably safe condition, free of obstructions. To buttress his argument, plaintiff further argues that the allegedly substantial pedestrian travel at this location (between 79th Terrace and 80th Street on Wornall) combined with the allegedly poor light illumination created an unsafe condition for travel. He cites a number of cases including *German v. Kansas City,* 512 S.W.2d 135, 142 (Mo. banc 1974) for the proposition that such a duty is proprietary and not subject to sovereign immunity. We find this argument to be flawed. *German* states that there is a difference between the physical condition of a street and its use by the public. The former is proprietary and the latter is governmental. *Id.* at 142–144.

■ We are further directed by the general principal of law which states: "A governmental duty is one which is performed for the common good of all. A duty will be deemed proprietary if it is performed for the special benefit or profit of the municipality as a corporate entity". *Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App.1981). Here, we find no special benefit to the City resulting from the installation and maintenance of street lights. This has been done for the good of all citizens as an exercise of the City's police powers. We believe that the providing of street lights is a governmental function akin to traffic regulation. Consequently, the City should be immune from suit.

This immunity from suit is reinforced when we examine § 537.600 (RSMo 1985) which outlines the boundaries under which sovereign immunity may be asserted. It states:

**537.600. Sovereign immunity in effect —exceptions—waiver of**

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or *motorized vehicles* within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. *In any action under this subdivision wherein a plaintiff alleges that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.*

2. *The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and*

*whether or not the public entity is covered by a liability insurance for tort.* [Emphasis added].

■ Since the events complained of, herein, occurred on February 7, 1981, and § 537.600 (RSMo 1985) cannot be applied retroactively, we must review its predecessor § 537.600 (RSMo 1978). *State Ex Rel. Missouri Highway v. Appelquist,* 698 S.W.2d 883, 895 (Mo.App.1985). The two statutes differ in that the 1985 amendment added subsection 1(1) "or motorized vehicles", the second sentence in subsection 1(2); and added subsection 2 as a new paragraph.

Further, *State Ex Rel. Missouri Highway, supra,* 698 S.W.2d at 889 held:

... *Bartley* [*v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983)] makes it indisputably clear that under the 1978 Act, sovereign immunity as it existed prior to *Jones* [*v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977)] remains in full force and effect, subject only to the limited exceptions carved out by the Act. Those exceptions (subsections "(1)" and "(2)" of § 537.600) become operative "only to the extent the public entity has purchased liability insurance for such purposes." *Bartley,* 649 S.W.2d at 868. *Bartley* states: "[W]e find that the only exceptions to the doctrine as it existed prior to *Jones* are those contained in § 537.600(1) and (2)—operation of motor vehicles and condition of property—as modified by § 537.610, *when insurance has been acquired.*" 649 S.W.2d at 870 (Emphasis added). *Bartley's* message is clear: no insurance, no waiver....

There is uncontroverted evidence in the form of an affidavit provided by Richard B. Tanksley, Commissioner of Property and Insurance of Kansas City, Missouri, that the City did not and has never maintained insurance for the installation and maintenance of street lights at or near the location in question. Accordingly, the absence of insurance to cover these activities on the part of the City invokes immunity. We hold for the aforesaid reasons that the

judgment of the trial court is affirmed as to the City of Kansas City, Missouri.

■ There seems to be no dispute in the facts that KCP & L provided the poles, the lights and the maintenance of the lights on a lease arrangement with the city of Kansas City, Missouri. Plaintiff's argument seems to focus on that relationship as follows. He alleges KCP & L shares responsibility with the city for the design, selection, location, and sizing determinations and decisions regarding the street light system in question.

There is no dispute in the facts that the street lights operating in the block in question on February 7, 1981 were in operation. The undisputed facts seem to further bear out that the street lights in question were installed in 1952 and that the completed, original system was accepted by the City and remained in place without subsequent modification up until February 7, 1981.

Plaintiff's theory of recovery against KCP & L hinges upon a so-called joint tortfeasor relationship because of the contractor status or an alleged master-servant relationship between the City and KCP & L. KCP & L's relationship with the City as a contractor does not impose upon it a responsibility to make the streets safe for public travel. Where KCP & L has been directed by the plans and specifications of the City as it relates to the contractual services it provided, it can only be held liable for any negligence on its part to follow the specifications and plans provided by the City. *See Sandy Hites Co. v. State Highway Commission,* 347 Mo. 954, 149 S.W.2d 828 (1941). *See also Evans v. Massman Construction Co.,* 343 Mo. 632, 122 S.W.2d 924 (1938). Absent that negligence KCP & L is immune from suit.

The Missouri Supreme Court has stated in *Rector v. Tobin Construction Co.,* 377 S.W.2d 409 (Mo.1964) that the defendant contractor was not liable for the acts complained of by plaintiff even though the acts were not specifically directed by the plans and specifications. More precisely, at page 413, the court states:

Forty-three AM.Jur. Public Works and Contracts, § 83 states the rule thus: the

theory is that one who contracts with the public body for the performance of public work is entitled to share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence. In other words, when the act or failure to act which causes an injury is one which the contractor was employed to do and the injury results not from the negligent manner of doing the work but from the performance thereof, the contractor is entitled to share the immunity from liability which the public enjoys. But he is not entitled to the immunity of the public from liability where the negligence arises from the negligent manner of performing the work.

Further authority is cited at 81 C.J.S. *States* § 131, pages 1144–1145:

As regards immunity from tort liability, an independent contractor doing work for the state is responsible only when it is shown that his work was carried out in a negligent manner, and, where he performs his work in accordance with the plans and specifications and is guilty of neither negligence nor willful tort, he is not liable for any damage that might result.

For the aforesaid reasons, the judgment of the trial court as to the defendant, KCP & L, is affirmed.

The judgment of the trial court is affirmed.

All concur.