**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**CLARKSON CONSTRUCTION COMPANY, INC.,**
Respondent.

**No. WD 41373.**

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1990.

T. Michael Payne, Leo E. Eickhoff, Jr., Deborah Sue Doud, Spencer J. Brown, Deacy & Deacy, Kansas City, for appellant.

Mark A. Thornhill, Spencer Fane Britt & Browne, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

Southwestern Bell Telephone filed suit against Clarkson Construction Company to recover damages for damage to underground lines. The court granted summary judgment in favor of Clarkson. Bell contends there are questions of fact to be resolved and summary judgment was inappropriate. Affirmed.

Bell's petition alleges that Clarkson was performing excavation on the right-of-way of Interstate 70 when it negligently caused damage to Bell's underground facilities. Bell alleged that Clarkson had violated the duty imposed upon it by Chapter 319, RSMo 1986, by failing to notify Bell that it

was excavating in the right-of-way of Interstate 70. In due course Clarkson filed a motion for summary judgment and, in connection therewith, filed depositions and affidavits. Bell did not counter the evidence submitted by Clarkson. The parties are in agreement that Clarkson was building a bridge over Interstate 70 under contract with the Missouri Highway and Transportation Commission. During the course of construction Clarkson was required to drill into the earth for the purpose of installing templates through which pilings were to be driven. Clarkson filed the affidavit of Clifford Brown, the Clarkson employee who actually performed the drilling which resulted in the damage to Bell. Brown stated that before the pilings were driven State Highway Inspector Anderson reviewed the placement of the templates and the pilings and verified that both were located correctly.

Brown stated that he was augering nine to ten feet into the ground when he struck something solid. He requested Anderson to recheck the plans and stated that Anderson looked at the plans and said there was nothing underground except possibly a piece of sidewalk because the area was on the location of an old landfill. Brown stated that Anderson asked him if he could get through the obstruction. Brown stated that, following Anderson's orders, he drove the piling through the concrete which he had previously struck. It subsequently turned out that Brown had struck, and on orders of Anderson had drilled through, a Bell underground facility carrying telephone cables. This suit was filed to recover damages for the repair to Bell's facilities which Brown had damaged.

Bell does not dispute the affidavit of Brown in which Brown stated that he was following the directions of Anderson. Rather, Bell contends that Clarkson violated § 319.025 by failing to notify Bell before it began any excavation so that it could obtain information concerning the location of Bell's underground facilities in the area of the excavation.[1]

■ Bell contends summary judgment was improperly granted because there are genuine issues of fact of whether or not Clarkson complied with its duties under Chapter 319.

The facts are undisputed that Bell facilities were damaged when Brown drilled through the concrete conduit carrying the telephone cables at the direction of Inspector Anderson. This was after Brown had notified Anderson that he had struck an obstruction and requested Anderson to recheck the plans to make sure there was nothing underground which would be damaged by further drilling. The damage occurred only after Anderson had rechecked his plans and instructed Brown to continue drilling.

In *Evans v. Massman Const. Co.*, 343 Mo. 632, 122 S.W.2d 924, 931 (1938), the United States had hired a contractor to build levies along the Missouri River. A land owner brought suit against the contractor who constructed the levies. In passing on the liability of the contractor the court said 122 S.W.2d at 931[9–11]:

> The government had a right to improve the river and the government had a right to hire somebody to do the work for it and any errors or mistakes made by the government in the plans or in the direction of the work to be done by the defendant thereunder cannot afford a basis for plaintiff's recovery from the defendant.

The court further stated that the contractor took the plans given to him and executed them under the direction of the United States engineers. The court concluded that there was no evidence from which negligence on the part of the contractor in the performance of his contract could be found. *Id.*

In *Aylward v. Baer*, 745 S.W.2d 692, 695[4] (Mo.App.1987), disapproved on other grounds, *Wilkes v. Missouri Hwy. and Transp. Com'n*, 762 S.W.2d 27 (Mo.1988), this court held that when Kansas City Pow-

---

**1.** Bell knew of the work being done along Interstate 70 because the Commission had twice requested Bell to alter the location of its facilities, including the line which is the subject of this suit. By the same token, the Commission knew the location of Bell's lines.

er and Light placed street lights as directed by plans and specifications of the City of Kansas City the company could only be liable for any negligence in following the specifications and plans.

*Evans* and *Aylward* do not articulate a rationale for their decisions, however, it is apparent the court in those cases was applying the rule in 57 C.J.S. *Master and Servant* § 577, pg. 348 (1948):

> ... where the servant obeys the commands of his master without negligence on his part, generally he is not liable for injuries to third persons unless he knew, or had reason to believe, that the act or acts were hazardous and liable to occasion injury to some third person.

The same rule was stated and applied in *Massei v. Lettunich*, 248 Cal.App.2d 68, 56 Cal.Rptr. 232, 235[1] (1967), and in *Northwestern Distributors, Inc. v. North Carolina Department of Transportation*, 41 N.C.App 548, 255 S.E.2d 203, 206[4] (1979).

█ This court concludes that a servant who obeys the commands of his master, without negligence, is not liable for injury to third persons unless he knew, or had reason to believe, that such acts were hazardous and liable to cause injury to some third person. Here, the act of Brown, on behalf of Clarkson, was the act of a servant who obeyed the directions of his master, the Highway and Transportation Commission. Bell does not contend the Commission plans did not show the location of its underground facilities or that Inspector Anderson did not have the necessary information at the time he ordered Brown to continue drilling. There is no evidence that Brown knew, or should have known, that by following the directions of his master he was likely to cause injury to third persons. Brown continued drilling after hitting an obstruction only after being instructed to do so by Anderson and after Anderson had checked the plans and assured Brown there were no underground facilities in that location.

Under the facts here Clarkson was a servant following the direction of the master who was in possession of the facts relative to underground facilities. It is not contended that Clarkson was negligent in any manner in the performance of its contract. Because Clarkson followed the instruction of the inspector in drilling through Bell's facilities without negligence, it is immaterial whether or not Clarkson complied with Chapter 319.

The judgment is affirmed.

All concur.