Christopher KOERBER, A Minor, By and Through his Next Friend Karen ELLEGOOD, Plaintiff/Appellant,

v.

ALENDO BUILDING COMPANY, Defendant/Respondent.

No. 61293.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 17, 1992.

Rehearing Denied Dec. 23, 1992.

James P. Holloran, St. Louis, for plaintiff/appellant.

Eugene K. Buckley, John S. McCollough, St. Louis, for defendant/respondent.

GRIMM, Judge.

Plaintiff, ten years old at the time of this incident, and a playmate were playing on property owned by defendant. An apartment building was located on the property. Playmate threw a rock at some glass in the building, and broke it. Playmate then threw a piece of the glass he had just broken at plaintiff. The glass struck plaintiff, injuring his eye.

Plaintiff's petition alleges defendant was negligent in permitting its "property to be cluttered and littered with broken glass, thereby creating a dangerous condition," such that children playing there would be injured. It also alleged that defendant "failed to keep [the property] clean and safe ... when [defendant] knew" children played there. Finally, the petition alleged that as a direct and proximate result of this negligence, plaintiff was injured.

The trial court sustained defendant's motion for summary judgment. It found that

two separate intentional intervening acts—playmate breaking the glass and playmate throwing it at plaintiff—separated any presumed negligence on defendant's part. We affirm for a different reason: causation in fact was not established.

### I. Motion for Reconsideration

Before reaching the merits of this appeal, we observe that following the trial court's judgment, plaintiff filed a "Motion for Reconsideration." No Missouri Supreme Court Rule sanctions the use of a motion for reconsideration.[1] Such motions are mentioned in the rules only twice, and in both instances the rules provide they shall *not* be filed. *See* Rules 83.03 and 84.24. As this court has stated, a "motion for reconsideration [has] no legal effect as no Missouri rule provides for such a motion." *Christman v. Richardson*, 818 S.W.2d 307, 309 (Mo.App.E.D.1991).

▮▮▮ However, in order that an appellant not be denied substantive review of an appeal, this district and other districts have treated a motion for reconsideration as a motion for new trial if timely filed. *See, e.g., In re Estate of Moore v. Murphy*, 828 S.W.2d 740, 740–41 (Mo.App.E.D.1992); *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.*, 754 S.W.2d 897, 899 (Mo.App.W.D. 1988). Here, plaintiff's "Motion for Reconsideration" was filed within the time allowed for filing a motion for new trial and thus the appeal was timely. Counsel, however, are encouraged to properly identify their motions and refrain from the use of the term "motion for reconsideration."

### II. Summary Judgment

Plaintiff's only point asserts trial court error in sustaining defendant's motion for summary judgment. Plaintiff alleges "the evidence and reasonable inferences therefrom made a prima facie case of negligence against [defendant] under Section 339 of the Restatement [Second of Torts]." Plaintiff further contends that the issues of intervening cause and sole proximate cause "were for the trier of fact to determine."

▮▮▮ In order to make a submissible case under a negligence theory, a plaintiff must allege ultimate facts which show (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) the failure of the defendant to perform that duty; and (3) an injury to the plaintiff *resulting from* such failure. *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976); *St. John Bank & Trust Co. v. City of St. John*, 679 S.W.2d 399, 401 (Mo. App.E.D.1984). Plaintiff attempts to fulfill the first two elements with facts that he alleges establish defendant's negligence under § 339 of the Restatement (Second) of Torts. Section 339 concerns liability for artificial conditions highly dangerous to trespassing children. Because we find that plaintiff has failed to establish causation, the third element required to make a submissible case of negligence, we decline to consider the sufficiency of his allegations under § 339.

On the issue of causation, there is no genuine issue of material fact. Both parties acknowledge that playmate broke the glass and threw a piece of the newly-broken glass at plaintiff, causing the injuries. Under these facts, defendant was entitled to judgment as a matter of law because plaintiff failed to present facts establishing a causal relationship between defendant's alleged negligence and plaintiff's injuries.[2]

▮▮▮ Proving a causal connection between an allegedly negligent act and an injury requires a showing of two things: (1) causation in fact and (2) proximate cause. *Branstetter v. Gerdeman*, 274 S.W.2d 240, 245 (Mo.Div.2 1955); W. Page Keeton et al., Prosser and Keeton on Torts § 41 (5th ed. 1984); 57A Am.Jur.2d *Negligence* § 454 (1989).[3]

---

1. Nor does any federal rule of civil procedure provide for such a motion. *Settino v. City of Chicago*, 642 F.Supp. 755, 759–60 (N.D.Ill.1986).

2. We make no judgment as to whether defendant was, in fact, negligent.

3. Various authorities treat these two components as distinct concepts. *See e.g., Clary v. United Telephone Co.*, 670 S.W.2d 936, 941 (Mo. App.S.D.1984). Others treat cause in fact as merely one component of the concept of proximate cause. *See e.g., Smith v. Secrist*, 590 S.W.2d 386, 389 (Mo.App.E.D.1979). Regardless of these distinctions, causation in fact must be proven in order for liability to attach.

Numerous tests have arisen to determine causation in fact. Examples include the "but for" test, i.e., "the injury would not have happened but for the [defendant's] negligence," *Branstetter*, 274 S.W.2d at 245, and the "substantial factor" test, i.e., defendant's "conduct is a substantial factor in bringing about the harm". *Hildreth v. Key*, 341 S.W.2d 601, 607 (Mo.App.S.D. 1960). Regardless of which test is applied here, defendant was not the cause in fact of plaintiff's injury.

Here, plaintiff alleges defendant was negligent in maintaining property with broken glass on the ground. However, we find no causal connection between the condition of the land and playmate's actions in breaking the window and throwing the glass at plaintiff. Playmate's actions were independent of any condition on the land; a similar incident could occur at any location, even at an occupied residence.

To impose liability on defendant in this situation would be the equivalent of making landowners absolute insurers of the safety of trespassing children under any and all circumstances. *See Fulginiti v. Tocco*, 462 F.2d 654, 658 (3rd Cir.1972); 62 Am.Jur.2d *Premises Liability* § 210 (1990). Prosser has written:

> "To begin with, there is virtually no condition upon any land with which a child may not possibly get himself into trouble. He may choke to death upon a green apple, pick up a stick and poke it into his eye, or have his skull fractured by a rock found and thrown by his companion. Children may, and do, do practically everything. Unless the possessor is to shoulder the impossible burden of making his land completely "childproof," which might mean razing it to the bare earth, something more is called for than the general possibility of somehow coming to some harm which follows the child everywhere throughout his daily existence."

*Fulginiti*, 462 F.2d at 657 (*quoting* Prosser, *Trespassing Children*, 47 Cal.L.Rev. 427, 452–53 (1959)).

Plaintiff further asserts that our recent case, *Matthews v. City of Farmington*, 828 S.W.2d 693 (Mo.App.E.D.1992), supports his position. In *Matthews*, the city was held liable for damages from a fire that resulted when a high-voltage power line maintained by the city came into contact with a service line connected to the plaintiffs' house. *Id.* at 695. The damage to the plaintiffs' house occurred when tree trimmers hired by the plaintiffs negligently caused a tree limb to fall on the energized line which in turn fell onto the service line to the plaintiffs' house. *Id.* at 694. City's liability was predicated on its failure to de-energize the power line where the tree trimmers were working.

The *Matthews* situation is distinguishable. The negligence of the tree trimmers would not have damaged the plaintiffs' house absent City's negligence in failing to de-energize the line. Thus City's negligence was a cause in fact of the damage.

Here, in effect, defendant's alleged liability is predicated upon the fact that the injury occurred while plaintiff was playing on defendant's property. Even assuming defendant was negligent in its maintenance of the property, we hold as a matter of law that the condition caused by defendant's alleged negligence was not the cause in fact, nor the proximate cause, of the injury to plaintiff.

It is true, as plaintiff states, that the question of causation is usually for the jury. *See Lange v. Marshall*, 622 S.W.2d 237, 238 (Mo.App.E.D.1981); 57A Am. Jur.2d *Negligence* § 446 (1989). However, "under clear and compelling circumstances, the question becomes one of law for the court." *Id.;* 57A Am.Jur.2d *Negligence* § 446 (1989). As the foregoing analysis indicates, these circumstances are present here. Summary judgment was proper. Point denied.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.