Mohammed HEDAYATI, Appellant,

v.

Jason HELTON, Defendant,

Missouri Highway and Transportation Commission and Curators of the University of Missouri, Respondents.

No. WD 46231.

Missouri Court of Appeals,
Western District.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Application for Transfer Sustained June 29, 1993.

Case Retransferred Sept. 28, 1993.

Court of Appeals Opinion Readopted Oct. 6, 1993.

David A. Oliver, Columbia, for defendant.

Zachary T. Cartwright, Jefferson City, for Missouri Highway and Transp. Com'n.

Kelly Mescher, Columbia, for Curators of the University of Missouri.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Mohammed Hedayati filed suit for the death of his daughter, Ellie, who was struck by an automobile driven by Jason Helton while she was crossing Providence Road in Columbia in May 1990. The Missouri Highway and Transportation Commission and the Curators of the University of Missouri were joined as defendants. On motion of the Commission and the Curators the court dismissed the action as to them and certified that there was no just reason for delay pursuant to Rule 74.01(b). The judgment as to the Commission and Curators became final for purposes of appeal. The action still pends against Helton. Hedayati appeals and contends his petition stated a cause of action against the Commission and the Curators. Affirmed.

The petition alleged that Providence Road at a point about 165 feet north of its intersection with Rollins Road was a public highway in the City of Columbia under the control of the Commission. It also alleged that a private road owned by the Curators intersected Providence Road about 165 feet north of Rollins Road. The petition alleged that Ellie was crossing Providence Road from the east to the west at the place where the private road enters on to Providence Road. It also alleged that Helton entered Providence Road from the private road and made a left turn. It was further alleged that Helton struck Ellie and thereby caused her death. The petition contained allegations of negligence against Helton.

The petition alleged that the Commission had control of Providence Road at the point where Ellie was crossing and that Providence Road was in a dangerous condition because there were no traffic control devices on Providence Road and there were no signs or other traffic control devices on the private road warning persons of the danger of crossing Providence Road. It was also alleged that people commonly crossed from one side of Providence to the other at the point where the private road entered Providence Road.

The allegations as to the Curators were the same except that it was alleged the Curators owned the private road. It was alleged that the private road was in a dangerous condition because of the absence of traffic control devices or warning signs.

The parties agree that both the Commission and the Curators are protected by sovereign immunity unless an exception to that immunity is pleaded. Section 537.600.1(2), RSMo Cum.Supp.1989, provides that sovereign immunity is waived in cases where a public entity's property is in a dangerous condition at the time of the injury and the plaintiff's injury directly resulted from the dangerous condition. The question in this case is whether or not the petition pleads facts which show that Providence Road and the private road at the place where Ellie was struck was in a dangerous condition and that her death directly resulted from such dangerous condition.

It will first be noted that the petition does not contain any allegation of any physical defect in either road. The only defect alleged is the absence of traffic control devices and a sign warning persons of the danger of crossing Providence Road. In sustaining the motion to dismiss filed by the Commission and the Curators the court stated that it was relying upon *Johnson v. City of Springfield*, 817 S.W.2d 611 (Mo.App.1991). A comparison of the facts in Johnson with the allegations in this case reveal a striking similarity.

In *Johnson*, the petition alleged that a child was injured while she was attempting to cross a street in Springfield. It was alleged the street was in a dangerous condition because it had a high volume of vehicle and pedestrian traffic; vehicles parked along the street blocked drivers' view of children when they walked from behind parked vehicles and drivers traveling at the posted speed limit could not stop in time to avoid striking them; that many children played in the area and they were not warned of the dangerous condition of the street; drivers were not warned to reduce speed nor were they warned of children playing in the area; and a safe speed limit was not posted. 817 S.W.2d at 612. The court held that the petition did not allege facts which plead the existence of a dangerous condition in the street because there were no facts pleaded to support an inference that the conditions described in the petition constituted physical deficiencies in the street which were dangerous because of their very existence without the intervention of a third party. *Id.* at 614. In reaching this conclusion, the court relied upon *Alexander v. State*, 756 S.W.2d 539, 542 (Mo. banc 1988), in which the court held that a folding room partition placed at the foot of a ladder "was dangerous because its existence, without intervention by third parties, posed a physical threat to plaintiff." 817 S.W.2d at 614.

In *Johnson*, the allegations concerned the volume of vehicle and pedestrian traffic, the parking of vehicles along the side of the street, the fact that children played in the area and entered the street from between cars and the absence of warning signs and the failure to post a lower speed limit. There was no pleading in *Johnson* of a physical defect in the street and the court found that fact to be decisive on the question of whether or not Johnson had pleaded a dangerous condition in the property to bring the cause of action within the exception to sovereign immunity. The allegations in the petition in this case are very similar and concern the volume of persons crossing Providence Road and the absence of signs warning them and the absence of a stop sign at the point where the private road entered Providence Road. As in *Johnson*, the petition in this case fails to allege any physical defect in either Providence Road or the private road. The dangerous condition alleged in this case, as in *Johnson*, related only to the volume of pedestrian and vehicle traffic. Under *Alexander*, the petition must allege facts which

show that the condition of the public entity's property "was dangerous because [of] its existence, without intervention by third parties." 756 S.W.2d at 542.

There is no allegation in the petition in this case which pleads facts to show that Providence Road and the private road were in a dangerous condition because of their very existence which posed a physical threat to Ellie.

Hedayati relies upon *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988), in which the court held that a cause of action was stated when it was alleged that a dangerous condition existed when a stop sign was down and not visible to the plaintiff when he approached an intersection.

The facts in this case are practically identical to those in *Johnson* but are completely different from the facts in *Donahue.* For that reason it is appropriate to follow the holding in *Johnson.*

*Johnson* discusses *Wilkes v. Missouri Highway and Transp. Comm'n,* 762 S.W.2d 27 (Mo. banc 1988), *Cole v. Missouri Highway and Transp. Comm'n,* 770 S.W.2d 296 (Mo.App.1989) and *Brown v. Missouri Highway and Transp. Comm'n,* 805 S.W.2d 274 (Mo.App.1991), as cases involving defective or dangerous road design. The court held that "the very existence of the road conditions alleged in *Wilkes, Cole,* and *Brown,* if true, posed a physical threat to the plaintiffs in those cases." 817 S.W.2d at 615. The court held, however, that the allegations in the Johnson petition did not allege facts which plead that the conditions of the street posed a physical threat to the plaintiff in that case.

*Johnson* is decisive on the question of whether or not the petition alleged facts under the defective design exception to sovereign immunity. As in *Johnson,* the petition in this case does not allege facts which plead that the condition of the road posed a physical threat to Ellie.

The test set out in *Alexander* is that the dangerous condition because of its existence, without intervention of third parties, poses a physical threat to the plaintiff. 756 S.W.2d at 542. Section 537.600.1(2) requires the in-

jury to be directly caused by the dangerous condition. The allegations of the petition in this case fail to allege facts showing a physical threat to Ellie resulting from the condition of the roads and further fails to allege that the death of Ellie directly resulted from a dangerous condition of the roads.

The court correctly sustained the motion to dismiss the Commission and Curators. The judgment is affirmed.

All concur.