Cynthia **BEYERBACH,**
Plaintiff/Appellant,

v.

**GIRARDEAU CONTRACTORS, INC.,** Penzel **Construction Company, and The Missouri Highway and Transportation Commission, Defendants/Respondents.**

No. 63593.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 4, 1994.

Lance R. Mallon, Alton, IL, John W. Grimm, Cape Girardeau, for plaintiff, appellant.

John P. Bradshaw, Cape Girardeau, Pamela M. Triplett, St. Louis, John W. Koenig, Jr., Sikeston, for defendants, respondents.

GARY M. GAERTNER, Chief Judge.

Appellant, Cynthia Beyerbach, appeals from orders of summary judgment entered in favor of respondents, Girardeau Contractors, Inc., Penzel Construction Company, and The Missouri Highway and Transportation Commission in the Circuit Court of Cape Girardeau County. We affirm in part; reverse in part.

During the Spring and Summer of 1988, the Missouri Highway and Transportation Commission ("MHTC") was conducting highway and bridge repair work on Missouri Highway 105, near East Prairie, Missouri. Respondent Girardeau Contractors, Inc. was the general contractor, with respondent Penzel Construction Company acting as the subcontractor on the job. During the construction, one lane of a bridge was closed on Highway 105, approximately 9 miles south of the junction with Missouri Highway 102, for replacement of a guard rail on the bridge.

On May 14, 1988, at approximately 10:00 p.m., appellant approached the bridge under construction. She stopped to allow oncoming traffic to cross on the single lane. While stopped, appellant was hit from behind by an automobile driven by Steven Haney.

Appellant alleged in her original petition that Mr. Haney had been driving under the influence of alcohol. She later testified in a deposition that although she might have smelled liquor on his breath, she didn't think he acted drunk. She noticed no stumbling, no slurring, and no stuttering. Haney denied that he had been drinking; however, he did admit to inattentiveness. Mr. Haney stated in deposition he could recall seeing the first two of five signs warning of road construction.[1] Haney went on to admit that after passing these signs, he proceeded to take his eyes off the road at least three times before arriving at the bridge to search for a cassette tape in his glove box. In addition, Mr. Haney acknowledged he had lit a cigarette shortly before the impact.

Appellant filed suit against Haney and the three respondents in this action. Prior to the filing of the third amended petition, Mr. Haney was dismissed from the lawsuit. All

---

1. The following warning signs were required on the project:

| Distance from Bridge | Sign |
| --- | --- |
| 3000 feet | Road Construction Ahead |
| 2500 feet | Reduced Speed Ahead |
| 2000 feet | Speed limit—30 |
| 1500 feet | Two signs—One Lane Road Ahead |
| 1000 feet | Two signs—Be Prepared to Stop |
| 500 feet | Two signs—Yield to Oncoming Traffic |

three remaining defendants filed motions for summary judgment. On December 8, 1992, Girardeau Contractors' and Penzel's motions were sustained. MHTC's motion was granted on February 26, 1993. This appeal followed.

When considering a grant of summary judgment, we "will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We may only affirm summary judgment where a review of the pleadings, depositions, affidavits, answers to interrogatories, exhibits and admissions establishes that no genuine issue of material fact exists and thus, the moving party is entitled to judgment as a matter of law. *Rogers v. Illinois Cent. R. Co.*, 833 S.W.2d 426, 427 (Mo.App., E.D.1992). A genuine dispute involves one which is not merely conjecture, theory, or a possibility, but one which is real and substantial. *Mid–Am. Marine*, 854 S.W.2d at 378. Summary judgment is proper where the issues raised by the non-movant are simply argumentative, imaginary, or frivolous. *Id.* at 382.

Appellant raises two points in her appeal. She claims error in the grant of summary judgment for Girardeau Contractors and Penzel. She also argues the court erroneously granted MHTC's motion for summary judgment. In response to said motions, appellant submitted a page from MHTC's contract with the contractors stating that all traffic lanes would be open during non-working hours. Additionally, appellant filed the affidavit of her expert, Norman Roden, offering his opinion that the warning signs used at the bridge site were inadequate and unsafe. Because of these two elements, appellant asserts a genuine issue of material fact exists as to whether or not the respondents were negligent. We will review appellant's claim regarding MHTC first.

Both appellant and MHTC agree that in order to circumvent MHTC's protection under sovereign immunity,[2] appellant must allege facts which establish four things: 1) a dangerous condition of the property; 2) appellant's injuries were a direct result of the dangerous condition; 3) a reasonably foreseeable risk of harm of the type appellant suffered was created by the dangerous condition; and 4) a public employee negligently created the condition or the public entity had actual or constructive notice of the condition. *Alexander v. State*, 756 S.W.2d 539, 541 (Mo. banc 1988).

We find the affidavit of Norman Roden, filed by appellant in response to MHTC's motion for summary judgment, sufficient to establish a jury question on the issue of whether or not a dangerous condition existed. Roden opined that the warning signs used on the construction site were inadequate in that a vehicle, such as appellant's, would "screen the warning signs and barricades ... from a following vehicle," and that the unsafe situation could have been remedied by the use of lighting or an electric traffic signal in the area of the bridge.[3] We fail to find anything in the record offered by MHTC to sufficiently remove this issue from doubt. As a matter of fact, we find additional support for appellant's contention in the deposition of Mr. Haney. Haney testified there were barrels on the bridge, but they were in front of appellant's car. He only noticed them as he pulled out to leave the scene after the accident. Also, when questioned about

---

2. *See* RSMo § 537.600 (1986).

3. MHTC suggests Roden's affidavit should be tempered by statements made in his earlier deposition. MHTC, however, has taken words and phrases out of context to support this allegation. In his deposition, Roden opined the condition of the highway "may have" contributed to the accident. He went on to state "[w]hether it did in fact occur, I don't believe there is enough evidence that I have had so far concerning this accident to prove absolutely that it did." Mr. Roden later added that a vehicle "stopped at that location to a certain extent would obscure the reason for that vehicle to be stopped ... And because of the lack of lighting in this case, I believe the reason for that stopping would not necessarily be evident or apparent to a following vehicle."

Our reading of these statements leaves us with the impression that Roden clearly believed much more could have been done to warn approaching vehicles of the single-laned bridge. We find no need to temper Mr. Roden's affidavit with the statements made earlier in his deposition, as Mr. Roden's opinion has clearly remained consistent.

the types of warnings available for highway construction sites, Mr. Haney acknowledged that if there had been flashing or caution lights, he probably would have seen them and been able to stop. Appellant has overcome the first hurdle.

■ A more difficult question is posed by the necessity that appellant show her injuries were a direct result of the dangerous condition. MHTC argues that Steven Haney was the direct cause of the accident. Although we recognize Haney was not the most attentive driver, we cannot agree with MHTC's argument.

In *Cole v. Mo. Highway & Transp. Com'n*, 770 S.W.2d 296 (Mo.App., W.D.1989), plaintiff sued MHTC for injuries she incurred as a passenger in an automobile. The driver of the vehicle failed to stop at a highway intersection, and the car was struck by cross traffic. Plaintiff claimed MHTC was negligent in failing to use proper signing and road marking to warn highway traffic of the upcoming stop. The trial court granted MHTC's motion for summary judgment. On appeal, however, the Western District reversed summary judgment and held that proof of the driver's negligence in concurrence with that of MHTC would not defeat plaintiff's claim against MHTC. *Id.* at 299. Instead, fault should be apportioned between the negligent parties. *Id.*

Relying on *Cole*, the Eastern District reached a similar conclusion in *Fox v. City of St. Louis*, 823 S.W.2d 22 (Mo.App., E.D. 1991). There, plaintiff was injured when her northbound vehicle collided with a westbound vehicle in the center of an intersection. Plaintiff sued the City of St. Louis alleging the city knew a stop sign should have been in place for westbound drivers, but failed to repair, remedy, or warn of the condition. The City argued plaintiff knew the stop sign was not in place, so the City could not be liable for plaintiff's injuries. This court reversed a grant of summary judgment for the City, holding that concurrent negligence would simply require apportionment of fault and would not defeat plaintiff's claim against the City. *Id.* at 24.

We recognize the holdings in *Kanagawa v. State by and Through Freeman*, 685 S.W.2d 831 (Mo. banc 1985), *Johnson v. City of Springfield*, 817 S.W.2d 611 (Mo.App., S.D. 1991), *Koerber v. Alendo Bldg. Co.*, 846 S.W.2d 729 (Mo.App., E.D.1992), and *Hedayati v. Helton*, 860 S.W.2d 795 (Mo.App., W.D. 1993), appear to conflict with the above rulings, but we find these cases inapplicable or distinguishable. *Kanagawa* involved the kidnapping, assault and rape of the plaintiff by a prison escapee. *Kanagawa*, 685 S.W.2d at 833. The Missouri Supreme Court found plaintiff's allegations that the correctional facility from which the inmate escaped was faultily constructed and maintained were insufficient to circumvent respondent's protection under sovereign immunity. *Id.* at 835. However, since the holding in *Kanagawa*, our Supreme Court has considered the case of *Donahue v. City of St. Louis*, 758 S.W.2d 50, 52 (Mo. banc 1988), wherein the Court found inadequate maintenance of traffic controls could be found to be a dangerous condition so that sovereign immunity would not bar suit against the City. *See also Nagy v. Highway and Transp. Com'n*, 829 S.W.2d 648, 651–2 (Mo.App., E.D.1992). Thus, we find *Kanagawa* inapplicable.

MHTC's reliance on *Koerber* is also misplaced. There, the ten-year old plaintiff was injured when his playmate broke out some glass from an apartment building on defendant's property, then threw the glass injuring plaintiff's eye. *Koerber*, 846 S.W.2d at 729. Plaintiff sued alleging defendant was negligent in permitting his property to be maintained in a dangerous manner. *Id.* This court upheld the grant of summary judgment finding the cause of plaintiff's injuries to be the actions of the playmate and, thus, independent of any condition on the land. *Id.* at 731. We note that *Koerber* was a standard negligence case, in no way related to the issue of sovereign immunity or warning signs or traffic controls. As such, we find *Koerber* inapplicable to the facts before us.

Additionally, we find the *Johnson* and *Hedayati* facts distinguishable. In *Johnson*, a child was struck as she attempted to cross a busy Springfield street. Plaintiffs alleged a dangerous condition existed because of the number of children in the area and the large

number of cars parked on the side of the road. Motorists were not warned to reduce speed, and a safe speed limit was not posted. *Johnson*, 817 S.W.2d at 612. The Southern District affirmed the trial court's dismissal of the action finding that the street was not in a dangerous condition and the accident was not attributable to any design defect on the part of the municipality; thus, the City of Springfield was protected by sovereign immunity. *Id.* at 614–15.

In *Hedayati*, the Western District reached a similar conclusion relying on *Johnson*. The court affirmed dismissal of a father's cause of action based on the death of his daughter who was killed as she crossed an intersection. The Court held the absence of traffic control devices at the intersection did not amount to a dangerous condition. *Hedayati*, 860 S.W.2d at 796–7. Plaintiff failed to plead an exception to sovereign immunity and MHTC and the curators of the University of Missouri were protected. *Id.* at 797.

*Johnson* and *Hedayati* were cases wherein the plaintiffs contended the fact traffic control signs and devices were never erected caused the accidents at issue in the cases. *Cole, Fox,* and the present case involve claims that traffic control mechanisms and markers were in place, but were in disrepair or were inadequate under the circumstances. As such, we find MHTC's argument unpersuasive. We hold that sufficient evidence has been provided to establish a jury question as to whether the acts of MHTC in designing and placing the signs and markers directly resulted in injury to appellant.[4]

Based on the foregoing, we reverse the entry of summary judgment for MHTC. Point granted.

Appellant also claims summary judgment was erroneously granted for Girardeau Contractors and Penzel Construction. Girardeau and Penzel respond by arguing that appellant is preempted from bringing claims against them. These respondents argue it was MHTC's responsibility to supervise maintenance activities on State highways and bridges,[5] as well as the erection and maintenance of any warning signs or danger signals[6] relating to said maintenance. Girardeau and Penzel contend that because these activities were within the jurisdiction of MHTC, and because they were in complete compliance with the contract with MHTC, they cannot be held negligent in this action. We agree.

■ The law in Missouri appears to be well-established that where a servant obeys the orders of his master without negligence, the servant will not be liable for injury to third persons unless he knew, or had reason to believe, that such actions were dangerous and likely to cause injury to a third party. *Southwestern Bell v. Clarkson Const. Co.,* 782 S.W.2d 404, 406 (Mo.App., W.D.1989). Here, the evidence available to the trial court established that MHTC designed the traffic control plans for the construction project, including the bridge construction. This plan designated which signs were to be used and the placement of these signs. MHTC staked out the physical location for each sign on the project. Penzel Construction employees erected these signs pursuant to MHTC's directives. MHTC determined lights were not needed on the project.

Respondents' responsibilities for the traffic control plan did not simply stop once the plan was devised and the signs set in place. De-

---

4. We also find a jury question exists as to the remaining elements of proof needed to create an exception to sovereign immunity; i.e. whether the alleged dangerous condition created a foreseeable risk of harm of the type appellant suffered—*See Oldaker v. Peters*, 869 S.W.2d 94, 100 (Mo.App.W.D., 1993) citing *Sirna v. APC Bldg. Corp.*, 730 S.W.2d 561, 564 (Mo.App., W.D.1987) for the proposition that the test for foreseeability is not whether a reasonably prudent person would have foreseen the exact injury but whether, after the occurrences, the injury looks to be the reasonable and probable consequence of the

act or omission of the respondent; and whether a public employee created the risk or the public entity had actual or constructive notice of the condition, we note the deposition of Charles Robert Simpson, District Construction Engineer for MHTC, wherein he admitted another rear-end collision occurred at the same location, although he could not remember if it was before or after the accident at issue.

5. *See* RSMo §§ 227.030, 227.080 (1986).

6. *See* RSMo § 227.220 (1986).

positions available to the court indicated that at least three MHTC employees regularly inspected the signage.[7] The signs and warning devices were also regularly checked by Girardeau and Penzel employees.[8]

Appellant vigorously argues that the documentation she provided in opposition to the contractors' motions for summary judgment establishes a genuine issue of material fact and thus, requires a trial. Appellant submitted a single page allegedly pulled from MHTC's contract with Girardeau and Penzel. This page, entitled "Job Special Provisions," states in relevant part:

### B. TRAFFIC CONTROL PLAN

Flagman controlled one-way traffic shall be maintained during working hours. All lanes shall be open to traffic during non-working hours. Working hours will be from one half hour after sunrise to one half hour before sunset.

Access shall be maintained with a minimum of inconvenience to traffic at locations where approach aprons are being constructed.

Because this provision required that all traffic lanes be open during non-working hours, argues appellant, the respondent contractors' failure to comply makes them liable for appellant's injuries.[9]

We find appellant's submission of a single page from a multi-page contract insufficient to maintain an issue for a jury. Appellant cannot expect us to review her single-page rebuttal in a vacuum. We also fail to find Mr. Roden's affidavit of benefit to appellant

on this point. Nothing in the affidavit indicates that the contractors' actions were in contravention of MHTC's directives or that the contractors had any reason to believe their actions were dangerous or likely to cause injury. Point denied.

Based on the foregoing, we affirm the entry of summary judgment favoring Girardeau Contractors, Inc. and Penzel Construction Company; we reverse the grant of summary judgment for Missouri Highway and Transportation Commission and remand for further proceedings.

REINHARD and CRIST, JJ., concur.

---

**7.** Specifically, Charles Robert Simpson, resident engineer on the project for MHTC; Charles Petty, MHTC inspector for this construction project; and Anton Miederhoff, MHTC squad leader on this particular site.

**8.** Namely, Joe Regenhardt, executive vice-president of Girardeau Contractors; William Ogel, the Girardeau Contractors' Supervisor on this job; and Donald Johnson, labor foreman for Penzel Construction at this site.

**9.** We note here that MHTC attached a special addendum to its brief as well as an accompanying affidavit requesting that, in the interests of judicial economy, we consider the affidavit on appeal. This affidavit, provided by Charles Robert Simpson, a district construction engineer for

MHTC, states that the contract between MHTC and the contractors contained two separate traffic control requirements; one referring to roadway items only and the other addressing traffic control for bridges only. MHTC asks us to now consider the fact that the contract page which appellant submitted in opposition to the summary judgment motions applied only to lane closures on roadways and did not apply to bridges.

We refuse to give any weight to the affidavit MHTC now offers. It is well established that an issue or defense not presented to the trial court cannot be presented on appeal. *Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659, 660 (Mo.App., E.D.1988); *Fesperman v. Silver Dollar City, Inc.,* 796 S.W.2d 384, 387 (Mo.App., S.D. 1990). As such, we decline to consider this additional evidence offered by MHTC on appeal.