Abigail C. SCOTT, et al., Plaintiffs,

v.

Michael W. FLYNN, Defendant/Respondent,

and

Cass Bank Trust Company, Defendant,

In re David L. Campbell, Appellant.

No. 70422.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 10, 1996.

David L. Campbell, St. Louis, for appellant.

John A. Kilo, Edward C. Cody, St. Louis, for respondent.

CRAHAN, Presiding Judge.

Attorney David L. Campbell, counsel for plaintiffs in the underlying tort action, separately appeals an order denying reconsideration of an award of sanctions against him for failure to comply with Rules 55.05 and 55.19. We dismiss the appeal.

On October 31, 1995, Attorney Campbell was sanctioned after a hearing on defendant Flynn's motion alleging Campbell had included a prayer for specific and substantial dollar amounts in the petition in violation of Rules 55.05 and 55.19[1] for the purpose of sensationalizing the charges and damaging the professional reputation of defendant Flynn. At the conclusion of the hearing, the court ordered the offending portions of the petition stricken and awarded sanctions against Campbell and in favor of defendant Flynn in the amount of $1,275.00. On November 2, 1995, Campbell filed a pleading captioned "MOTION OF COUNSEL TO RECONSIDER SANCTION ORDER." On March 6, 1996, the trial judge filed a second order denying the motion to reconsider. This second order is the only ruling specified by Campbell as the subject of this appeal.

We find that Campbell has failed to preserve any issue for our review. As this court has repeatedly observed, a "motion for reconsideration [has] no legal effect as no Missouri rule provides for such a motion." *Koerber v. Alendo Bldg. Co.*, 846 S.W.2d 729, 730 (Mo.App.1992) (quoting *Christman v. Richardson*, 818 S.W.2d 307, 309 (Mo.App. 1991)). Under certain circumstances, an appellate court will, in the interest of facilitating substantive review of an appeal, treat a motion for reconsideration as a motion for new trial if timely filed. *Koerber*, 846 S.W.2d at 730. In this case, however, that procedure is of no assistance to Campbell because the trial court did not rule on the motion within ninety days. A motion for new trial not ruled on within ninety days after the motion is filed is deemed to be denied for all purposes. Rule 78.06. Therefore, the order denying Campbell's motion for reconsideration, which is the only order specified as the subject of this appeal, is a nullity. This leaves nothing before us for review. Accordingly, we dismiss the appeal.

GRIMM and HOFF, JJ., concur.

---

1. *Rule 55.05 provides in pertinent part:*
   ... in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand· except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable.

*Rule 55.19 provides in pertinent part:*
   In actions for [exemplary or punitive] damages based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable.